JOHN R. WILSON v. CASEY & SWASEY.

No. 137.

**Res Adjudicata — Plea not Well Taken, When. —** W. and others brought suit against C. and S. as individuals to cancel a deed of land as a cloud on plaintiffs' title, and the suit having been dismissed as to C., a judgment was rendered therein in favor of S. *Held*, that such judgment was not a bar to a subsequent action of trespass to try title brought against W. by C. and S. as partners, to recover the same land.

APPEAL from Callahan.    Tried below before Hon. T. H. CONNER.

*J. E. Thomas*, for appellant.—1. The court erred in not sustaining defendant's plea of res adjudicata and former suit pending, the parties, subject matter, and issue being the same.    But one suit involving the same issue and between the same parties can be maintained.    Sayles' Civ. Stats., sec. 4811; Campbell v. Strong, Hempst., 265; Hollister v. Abbott, 31 N. H., 321; Wall v. Wall, 28 Miss., 409; Parish v. Ferris, 2 Black, 606; Warburton v. Aken, 1 McLean, 460; Swiggart v. Harber, 5 Ill., 364; La Grange v. Ward, 11 Ohio, 257; Trammell v. Thurmond, 17 Ark., 203; Peay v. Duncan, 20 Ark., 85; Housemen v. Moulton, 15 Ind., 367; Hart v. Jewett, 11 Iowa, 276; Wallace v. Usher, 4 Bibb, 508; Hayden v. Booth, 2 A. K. Marsh, 353.

2. A verdict and judgment in a court of competent jurisdiction is conclusive between the same parties upon the same subject matter. Foster v. Wells, 4 Texas, 101; Hatch v. Garza, 22 Texas, 176; Baxter v. Dear, 24 Texas, 17; Webb v. Mallard, 27 Texas, 80; Roberts v. Johnson, 48 Texas, 133; Cook v. Burnley, 45 Texas, 97; Willis v. Ferguson, 46 Texas, 496; Madry v. Cox., 73 Texas, 538.

*Otis Bowyer*, for appellee.—A matter is not regarded as res adjudicata unless there be a concurrence of the four conditions following, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the

quality in the person for or against whom the claim is made. Philip-owski v. Spencer, 63 Texas, 604, and authorities there cited.

TARLTON, Chief Justice.—This is an action of trespass to try title, wherein Casey & Swasey, a firm composed of Martin Casey and C. J. Swasey, seek to recover from John R. Wilson, appellant, the title, possession, and rental value of lot number 6 in block number 22 in the town of Putnam, in Callahan County, Texas.

The defendant, appellant here, among other defenses, pleads, "that this cause of action, between the same parties, involving the same subject matter, has heretofore been adjudicated and determined in the District Court of Callahan County, and that it has from that court been appealed, and that it is now pending in the Supreme Court of the State of Texas, being neither set aside, reversed, or in any manner rendered void."

From a judgment rendered October 21, 1890, in favor of the appellees, Casey & Swasey, appellant prosecutes this appeal.

The sole question presented by the record is, Did the court err in its finding against appellant on his plea of res adjudicata and lis pendens?

The facts on which this plea is founded, are briefly as follows:

On August 7, 1890, appellant, as plaintiff, with other coplaintiffs, filed suit number 223, in the District Court of Callahan County, against Martin Casey and Charles Swasey, not as constituents of a firm, but as individuals. The petition in that suit (in which the plaintiffs asserted their title to the property sued for), was endorsed, "This action is brought as well to try title as for damages." The specific prayer for relief as therein contained was the cancellation of a deed purporting to be a conveyance of the property here involved, alleged by the plaintiffs in that suit to constitute a cloud upon their title because of its registration by the defendants, Martin Casey and Charles Swasey, on the deed records of Callahan County. The conveyance in question was dated July 3, 1889, and purported, according to the allegations of the petition, to convey to Martin Casey and Charles Swasey the property in controversy, and to divest the plaintiffs in that suit, including John R. Wilson, of all title to the property. The suit number 223 was dismissed as to the defendant Martin Casey, and was prosecuted to judgment as to the defendant C. J. Swasey alone. He relied upon the plea of "not guilty." It was therein adjudged that the plaintiffs, including John R. Wilson, appellant herein, "take nothing by their said suit as to lot 6, in block 22, and that said sheriff's deed to C. J. Swasey be declared superior to the deed from Annie E. Wilson to John R. Wilson, dated November 17, 1889."

In Philipowski v. Spencer, 63 Texas, 607, it is said: "A matter is not generally regarded as res adjudicata unless there be a concurrence of the four conditions following, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties

to the action; (4) identity of the quality in the persons for or against whom the claim is made."

The parties to the suit number 223 and the parties to this action are not the same. In that cause the sole party defendant was C. J. Swasey, as an individual; in this cause the parties plaintiff are Martin Casey and C. J. Swasey, composing the firm of Casey & Swasey. It is therefore manifest that the former judgment would not be a bar as to Martin Casey. As the remaining party plaintiff, C. J. Swasey, prevailed in the suit number 223, it is not perceived how his joinder herein as coplaintiff, where he seeks and secures different relief from that which was sought and accorded in the suit number 223, could impart to the judgment in that suit the character of res adjudicata as against this action.

The judgment is affirmed.

*Affirmed.*

Delivered April 6, 1893.