**STATE ex rel. BOARD OF SCHOOL TRUSTEES OF UNION HILL INDEPENDENT SCHOOL DIST. v. BRADSHAW et al.**

(No. 8495.)

(Court of Civil Appeals of Texas. Dallas. Feb. 19, 1921. Rehearing Denied March 19, 1921.)

Quo warranto ⬦8—Lies to restrain unauthorized exercise of authority by school board over annexed territory.

Information in the nature of a quo warranto is the proper remedy to determine whether a school board is lawfully exercising authority in annexed territory formerly belonging to another independent school district and to restrain such exercise if unauthorized in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 6398.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Information in the nature of a quo warranto by the State, on the relation of the Board of School Trustees of Union Hill Independent School District, against Paul Bradshaw and others, constituting the Board of School Trustees of Covington Independent School District. Judgment for respondents, and relator appeals. Reversed and remanded.

Earl Carter and Dupree & Crenshaw, all of Hillsboro, for appellant.

Vaughan & Abney, of Hillsboro, for appellees.

HAMILTON, J. This is an information in the nature of a quo warranto. The petition was filed upon the relation of the board of school trustees of Union Hill independent school district as such, and also as individuals, against the board of school trustees of Covington independent school district. It appears from the pleadings that both districts are organized as independent school districts in conformity with statutory provisions, and that subsequent to their respective formations as such school districts the Covington district, in pursuit of statutory authority to that end, on the 5th day of September, 1919, sought by resolution extending its boundaries to annex 833 acres of adjacent territory then included within Union Hill district. This action was taken by the Covington district upon the written petition of certain residents of the territory which the resolution declared to be accepted as and made a part of the Covington independent school district. It was alleged that the petition upon which the Covington school board's resolution of annexation was predicated was not signed by a majority of the voters residing in the territory who were qualified to vote for members of the Legislature, as required by law, and that the resolution fraudulently asserted that the signatures thereto constituted a majority of such voters, all the members of the Covington school board knowing the resolution to be false and fraudulent in this respect. It was also alleged that the petition for annexation of the territory was secretly circulated, and that the resolution granting it was a mere pretense, and that the entire procedure was conducted with fraudulent intent to deprive Union Hill independent school district of property subject to taxation for free school purposes. The allegation is made that the resolution entered upon the petition was without authority of law, and that the defendants were without power, jurisdiction, or authority to enter the resolution upon the petition because the latter was not signed by a majority of the voters within the annexed territory quali-

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fied to vote for members of the Legislature. The following additional allegations are copied from the petition:

"Relators would further show to the court that the said Union Hill independent school district as incorporated included within its territory lands and premises upon which the Union Hill common school district had theretofore voted bonds, and by reason of such fact the said Union Hill independent school district and the taxable property therein situated became and is now liable for said bonds; that the 1,866 acres so attempted to be annexed by the said Covington independent school district was a part of the land included within the territory of the Union Hill common school district, and was and is subject to its pro rata proportion of such bonded indebtedness. That the defendants herein, having failed to file said petition and resolution prior to the incorporation of said Union Hill independent school district, which incorporation included the 1,866 acres of land heretofore described, have wholly failed to comply with the requirements of the statute, and have not by reason of such acts upon their part acquired any jurisdiction, power, or authority over said 1,866 acres of land for free school purposes, but that the same is now a part of the Union Hill Independent School District territory.

"Plaintiff and relators would further show that, notwithstanding the invalidity of said petition and resolution, the defendants herein are asserting its validity, and are asserting and contending that under and by virtue thereof the 1,866 acres of land therein described have become and are now a part of the Covington independent school district, subject to the control of the individual defendants for school purposes as a board of school trustees of said district, and subject to the levy, assessment, and collection of school taxes for said district, and that the authority the defendants are undertaking to assert over the said territory for school purposes is based upon the provisions of said order.

"Plaintiffs aver that since the territory constitutes no part of the Covington independent school district, and has never legally become a part thereof, the defendant Covington independent school district and the individual defendants constituting the board of school trustees of said district have no authority to exercise the corporate franchises, privileges, and powers conferred by law upon such district and such board over the said territory, and that their undertaking to exercise such powers, franchises, and authority over said territory interferes with the due legal and proper administration of the school affairs of the Union Hill independent school district, and that such misuser and interference is of such a character and constitutes such an injury to the public interests of said district as to justify the interposition of the plaintiff.

"The relators herein, constituting the board of school trustees of the Union Hill independent school district, aver that they are undertaking to maintain and control a system of public free schools in said district; that the territory described in Exhibit A constitutes a part of said district, and is rightfully and lawfully subject to their control and that said territory is subject to taxation for the main-

tenance and support of public free schools in said district, and that such taxes have been levied, assessed, and would be collected except for the interference of the defendants.

"That the inhabitants of said territory, taxpayers therein, have been told by the defendants that said petition and resolution constitute a valid and lawful annexation of said territory, and that said territory now constitutes a part of said Covington independent school district, and is lawfully subject to taxation therein for school purposes, and that such inhabitants, so believing, permitted their property to be assessed for taxes to said Covington independent school district, and that the defendants, unless prevented, will collect the said taxes and disburse the same for the use and benefit of the schools within said Covington independent school district.

"That such action on the part of the defendants interferes, not only with the rights of the inhabitants of said territory, but brings about such confusion of control and taxation as makes it practically impossible for the relators herein, constituting the board of school trustees of the Union Hill independent school district, to properly exercise their duties and powers for school purposes over the said territory, and that unless the court interferes herein the said relators will be unable to assess and collect taxes for school purposes within said territory, and will suffer irreparable injury.

"Relators herein further aver that they are property owners and taxpayers within said Union Hill independent school district, and patrons of the school therein, and interested in the welfare of such school, and they show to the court that, if said territory described in Exhibit A is held to be a part of the Covington independent school district, the taxable value of the Union Hill independent school district will be so reduced as to make it practically impossible to maintain a first-class school within said district for the length of term required to give proper educational facilities to the children of scholastic age residing within said district.

"Plaintiff and relators further show that defendants herein have already undertaken to assess, and are now undertaking to collect, school taxes from the inhabitants residing in said territory, and on the property situated in said territory subject to taxation for the year 1920, and that the defendants are now, and will continue unless restrained by the court, undertaking to exercise, and are in fact exercising without authority of law, their corporate rights, franchises, powers, and privileges over the said territory and inhabitants therein.

"Plaintiff and relators further aver that said Union Hill independent school district has previously voted and levied, and will assess and collect for each year beginning with the year 1920, a maintenance school tax of not exceeding 50 cents on the $100 valuation of property, and that the territory described in Exhibit A hereto attached is lawfully subject to such tax, and that plaintiffs are entitled to collect the same of and from the property owners in said territory without the interference of the defendants, or either of them."

The petition, which was verified, was sufficient to allege an exercise by defendants of

authority over the territory- which was wrongful, and which was not acquired in the regular way provided by law, and also to allege the adverse interest of the appellants. The prayer was as follows:

"Wherefore, the plaintiff and relators respectfully pray that this petition be filed and that notice or citation herein shall issue in the manner and within the form as the law requires, and that upon a hearing hereof the court inquire into and determine by what warrant. authority, or right the defendants are undertaking to assert their corporate rights, franchises, powers, and privileges over the said territory and the inhabitants thereof, and that upon such hearing and such inquiry judgment be rendered, ousting defendants from the exercise of such rights, powers, franchises, and privileges, and preventing them from the exercise thereof, and declaring that the said territory constitutes no part of the Covington independent school district, and is not subject to the control or authority of the defendants herein."

A general demurrer to the petition was sustained. Appellants excepted to the ruling, and refused to amend, whereupon a judgment was entered dismissing the suit. From the judgment thus entered appellants present this appeal.

The briefs filed by the parties disclose that the demurrer was presented and sustained solely upon the theory that the extraordinary proceeding of quo warranto could not be employed, and that the complainants should be referred to their remedy by ordinary civil suit or by injunction, because appellants made no assault upon their adversaries' right to their offices or their lawful authority to perform the actual functions of the offices, but merely objected to the exercise of these functions within designated territory limits. And so the whole inquiry raised by the issue before us is whether or not the remedy by quo warranto is a proper one to restrain the officers of a public corporation from exercising the functions of their offices beyond the bounds of the territorial limits prescribed for them, the ground of restraint being that the process of annexation of the territory in question did not comply with statutory provisions for annexation.

Although proceedings by quo warranto are derived from the common law, the right to an action of this nature against public or quasi public corporations depends upon article 6398 of Sayles' Rev. Civ. Stats., which is as follows:

"In case any person shall usurp, intrude into or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or executes any office or franchise, or any office or any corporation created by the authority of this state, or any public officer shall have done or suffered any act which by the provisions of law works a forfeiture of his office, or any association of numbers of persons shall act within this state as a corporation without being legally incorporated, or any incorporation does or omits any act which amounts to a surrender or a forfeiture of its rights and privileges as a corporation, or exercises power not conferred by law, or if any railroad company doing business in this state shall charge an extortionate rate for the transportation of any freight and passengers, or refuse to draw or carry the cars of any other railroad company over its line as required by the laws of this state, the Attorney General, or district or county attorney of the proper county or district, either of his own accord. or at the instance of any individual relator. may present a petition to the district court of the proper county, or any judge thereof, in vacation, for leave to file an information in the nature of a quo warranto in the name of the state of Texas; and, if such court or judge shall be satisfied that there is probable ground for the proceeding, the court or judgment may grant the petition and order the information to be filed and process to issue."

If authoritative precedent, which is conclusive upon us, did not bind us, and we were called upon to construe the statute as an original undertaking and to apply this article to the case stated in appellant's petition, we might feel constrained to take the same view the trial court took, and say that the remedy is not available for the purpose sought to be achieved in this case. We find some difficulty in perceiving that the language of the statute can bear the construction which renders it designed to permit inquiry by quo warranto into the right of an officer lawfully constituted to exercise his functions outside of the territorial limits by which his authority is bounded.

The proceedings provided for by this statute, and their purposes as stated therein, are substantially the same as contained in the modern English statute. They are also about the same in substance as are contained in most the American statutes on the subject. The objects to be obtained are the same by the statute in Texas and everywhere as those for which the ancient writ of quo warranto was used in England. This writ, it seems, was never allowed for such purpose as that which appears in the instant case. The Supreme Courts of Indiana and Illinois have held that quo warranto information was not a proper method for questioning the right of municipal officers to exercise authority over territory beyond their lawfully prescribed limits. Stultz v. State ex rel. Steele, 65 Ind. 493; People v. Whitcomb, 55 Ill. 172. The Court of Civil Appeals for the First Supreme Judicial District, in the case of State ex rel. Dowlen v. Rigsby, 17 Tex. Civ. App. 171, 43 S. W. 272, followed the above decisions on this question, and the Supreme Court of Texas refused to grant a writ of error. Dowlen v. Rigsby, 17 Tex. Civ. App. 171, 43 S. W. 272.

However, the statute being remedial in its nature and accordingly free from the rule of

228 S.W.—42

strict construction, the Supreme Court, in several cases, seems to have construed it to embrace the particular case before us. That court in its opinions upon cases analogous to this has held information in the nature of quo warranto not only to afford the proper remedy, but the exclusive remedy. Crabb v. Celeste Ind. School Dist., 132 S. W. 891; Id., 105 Tex. 194, 146 S. W. 528; Graham v. City of Greenville, 67 Tex. 62, 2 S. W. 742. If we understand the rule adducible from these decisions, it is that resort to quo warranto is the approved method of determining whether or not an officer of any municipal corporation, the lawful right to exercise whose functions within certain territory is conceded, may be restrained from the exercise of it beyond such territorial limits, under proof of such allegations as here made. In these cases the Supreme Court holds, in effect, that a suit denying the lawful and valid annexation of territory is questioning the right of officials to perform their function and to exercise their authority and questioning also the validity of the franchise under which the officers act, as to such territory, and that this can be done only by a direct proceeding in the name of the state under the provisions of article 6398, above quoted. Such being the decided law, and appellants having properly pleaded for relief of this nature, the trial court should have heard and determined the issues according to the evidence, and hence to sustain the general demurrer was error. The judgment of the district court is reversed, and the cause is remanded for trial upon the evidence.

Reversed and remanded.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes