## NAGLE v. WEATHERBY & CO. (No. 718.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 12, 1922.)

1. **Pleading** ⟨key⟩111—**Benefit of any statutory exception confined to exceptions invoked in controverting affidavit to plea of privilege.**

The effect of Vernon's Ann. Civ. St. Supp. 1918, art. 1903, is that inquiry as to plaintiff's right to the benefit of any exception named in Rev. St. art. 1830, where plea of privilege has been properly filed and is met by a controverting affidavit, is confined to the exceptions invoked in the controverting affidavit.

2. **Pleading** ⟨key⟩111—**Merely pleading fraud without proof does not give jurisdiction under exception to general statute of venue, where plea of privilege is filed.**

When jurisdiction of the person of a defendant is asserted under some exception to the general venue statute, and he pleads the privilege of being sued in the county of his domicile, to defeat this plea and deprive him of that right on the ground that fraud is involved, the facts relied on should not only be alleged by plaintiff but also proven, and merely pleading fraud in the petition is not sufficient under Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

3. **Pleading** ⟨key⟩111—**Burden of proving fraud on hearing of plea of privilege upon plaintiff.**

When defendant pleads privilege of being sued in the county of his domicile, the burden of proof is upon the plaintiff who seeks to defeat the plea on the ground of fraud, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, and Vernon's Ann. Civ. St. Supp. 1918, art. 1903.

4. **Pleading** ⟨key⟩111—**Evidence held to sustain finding of absence of fraud on hearing of plea of privilege.**

In a hearing under a plea of privilege, which plaintiff sought to defeat by showing fraud under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, and Vernon's Ann. Civ. St. Supp. 1918, art. 1903, evidence *held* to sustain a finding of trial court that there was no fraud.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by J. L. Nagle against Weatherby & Co. From a judgment sustaining a plea of privilege, plaintiff appeals. Affirmed.

S. M. Adams, of Nacogdoches, for appellant.

Bates & Bates, of Nacogdoches, and Norman, Shook & Gibson, of Rusk, for appellee.

O'QUINN, J. Appellant sued appellees in the county court of Nacogdoches county, Tex., for $362.10 on a contract of sale of 225 bales of cotton. Appellees duly filed their plea of privilege to be sued in the county of their residence, and upon a hearing the court sustained said plea, from which action of the court appellant has appealed.

The facts show that appellant was a cotton buyer located at Nacogdoches, and appellees a mercantile partnership composed of W. J. Weatherby, who resided in Rusk county, Tex., and G. W. Weatherby, who resided at Reklaw, in Cherokee county, Tex., and that the business of Weatherby & Co. was conducted at Reklaw, Cherokee county. On December 29, 1917, G. W. Weatherby, acting for appellees, called appellant by phone, at Nacogdoches, and as a result of their conversation appellant bought from appellees 225 bales of cotton at 30 cents "hog-round" f. o. b. Reklaw, said Weatherby, stating to appellant that said cotton weighed 112,975 pounds, same to be shipped to compress at Nacogdoches. The cotton was shipped, and bill of lading with draft attached sent to a bank at Nacogdoches, which appellant paid, and took possession of the cotton, which, when weighed at the compress, weighed 111,768 pounds, a shortage of 1,207 pounds, for which this suit was brought.

Appellant controverted appellees' plea of privilege as follows:

"Comes now the plaintiff, J. L. Nagle, in the above styled and numbered cause, by and through his attorney of record, S. M. Adams, and controverting the plea of privilege filed by the defendants in the above styled and numbered cause on June 30, 1919, and says:

"(1) That the said plea ought not to be considered by the court, in that the transaction upon which this suit is based is one of fraud; the fraud having been perpetrated by the drawing of a draft knowingly made by the defendants for more than the amount due, with bill of lading attached, on the plaintiff, through the Stone Fort National Bank of the City of Nacogdoches, and on the presentation of said draft by the Stone Fort National Bank to this plaintiff by the request of defendants, and in pursuance of the scheme formerly designed, and had secured by said draft more money than the defendants were entitled to, under and by virtue of their trade with the plaintiff selling the said 225 bales of cotton, the said draft having been paid in Nacogdoches county, Tex., and paid by the plaintiff, relying upon the weight being correct, but in truth and in fact the same was fraudulently made, and by said fraud received from this plaintiff the sum of $362.10.

"(2) That the said plea of privilege is not

one based upon facts that would allow the transfer of this cause under article 1903, Vernon's Sayles' Civil Statutes, in that it is an exception to the statute of exclusive venue in the county of one's residence, mentioned in articles 1830 and 2308, as the suit is one founded upon fraud had, perpetrated and secured by fraudulent designing of defendants, made and had in Nacogdoches county, Tex."

(Signed by S. M. Adams, Attorney for Plaintiff, and duly verified.)

[1] The statute (article 1903, Vernon's Civil Statutes), among other things, provides:

"If, however the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

It follows therefore that the effect of the present venue statute is that appellant's right to the benefit of any exception named in article 1830, R. S., where plea of privilege has been properly filed and is met by a controverting affidavit, is confined to the exceptions invoked in the controverting affidavit. Bank v. Gates, 213 S. W. 722. It will be observed from the controverting affidavit filed by appellant, set out above, that the only specific fact alleged by him to exist, which, if true, would give venue to the county court of Nacogdoches county, is fraud. Therefore the averment of the plea of privilege as to the residence of the parties defendant must be taken as true, and the only inquiry is: Was fraud shown?

[2] The only question for determination is raised by appellant's first proposition, to wit:

"Fraud entitled the defrauded party to bring suit in the forum where the fraud was perpetrated, and the pleading of fraud gives the court jurisdiction, and if pleaded, so far as jurisdiction is concerned, the venue is established."

It is thus seen that appellant plants himself squarely upon the ground that when the exception to the general venue statute (Vernon's Sayles' Civil Statutes, art. 1830, exception 7) is based upon fraud, that merely pleading the fraud in the petition is sufficient, and all that is required to give venue to the court. We cannot agree to this contention. When jurisdiction of the person of a defendant is asserted under some exception to the general statute of venue, and he pleads the privilege of being sued in the county of his domicile, to defeat this plea and deprive him of that right, the facts relied on should not only be alleged, but also proven. Article 1903, Vernon's Civil Statutes; Hilliard Bros. v. Wilson, 76 Tex. 180, 13 S. W. 25; McLaughlin v. Shannon, 3 Tex. Civ. App. 136, 22 S. W. 118; Holmes v. Coalson, 178 S. W. 118; Harris v. Moller, 207 S. W. 963; Witt v. Stith, 212 S. W. 673; Bank v. Gates, 213 S. W. 720; Bledsoe v. Barber, 220 S. W. 370; Clarke v. Taylor, 223 S. W. 880; Bank v. Sanford, 228 S. W. 655.

Appellant contends that the cotton was sold by appellees and bought by him at compress weights—he so testified, and introduced a letter written by him to appellees confirming the sale, which contained the expression "to be compress weights." He also insists that the transaction was one grounded in fraud, asserting that appellees knowingly made out the draft which accompanied the bill of lading for the cotton for $362.10 more than the same rightfully should have been, and attached same to the bill of lading, and had same sent to the bank at Nacogdoches, knowing that appellant would have to pay same before he could get possession of said cotton and have same weighed at the compress, and that the bill of lading calling for 112,975 pounds and the draft being made out for same and being presented to appellant and paid by him in Nacogdoches county, that the fraud was thereby perpetrated in said county, and that by reason of said fraudulent act by appellees they received wrongfully from appellant said sum.

G. W. Weatherby, the managing partner of said firm, and who concluded the sale with appellant, denied that the sale was made as per compress weights, and insisted that the sale was made as per his own weights, and that said weights were correct; that they had a brand new pair of scales that weighed correctly, and that they knew their weights were correct; and that the draft was for the correct amount. He also denied that he had received the letter of confirmation testified to by appellant, and said that, if his partner had received same, he had no knowledge of it.

[3, 4] It seems the whole contention is as to whether the cotton was sold by compress weights or by Weatherby & Co.'s weights, and, if by the latter, did they knowingly, with intent to defraud appellant, make the draft and bill of lading for the amount claimed to be excessive, and thereby perpetrate a fraud upon appellant. The burden of proving fraud was upon appellant. The court heard the evidence and gave judgment against him on his allegations of fraud, and we think the record sustains the judgment, and same is affirmed.