**J. G. SMITH GRAIN CO. v. SHULER. (No. 6556.)**

(Court of Civil Appeals of Texas. Austin. March 14, 1923.)

**1. Appeal and error ☞912—Presumption that ruling on motion in plea of privilege was waived.**

Where a motion to strike defendant's plea of privilege was not acted on at the first term of court, and, by reason of statements appearing of record as to passing the plea without prejudice, the court would have been justified in overruling a motion to strike it, the presumption is that the court's attention was not called to the motion, but that ruling on it was waived by plaintiff.

**2. Pleading ☞111—Party alleging fraud as affecting venue must make prima facie case.**

When plea of privilege to be sued in the county of one's residence was filed, which was controverted by alleging fraud committed in the county of suit, the burden was on plaintiff to prove such fraud, or at least make a prima facie case.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by the J. G. Smith Grain Company against F. E. Shuler. From an order granting defendant's plea of privilege, plaintiff appeals. Affirmed.

John McGlasson, of Waco, for appellant.
W. L. Eason, of Waco, for appellee.

JENKINS, J. Appellant brought this suit to recover of appellee for an alleged shortage in corn shipped to him at Waco, Tex., from Gonzales, Tex., alleging fraud committed in McLennan county by reason of misrepresentation as to the weight of the car of corn shipped. Appellee filed a plea of privilege, in proper form, and the same was controverted by appellant by alleging that the fraud was committed in McLennan county.

[1] Appellant filed a motion to strike out appellee's plea of privilege, for the reason that it was not acted upon at the first term

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of court. By reason of the statements appearing of record as to passing the plea of privilege without prejudice, the court, perhaps, would have been justified in overruling a motion to strike out said plea; but there is nothing in the record to show that the court made such an order, or that he made any order in reference to this motion. Such being the case, the presumption is that the attention of the court was not called to this motion, but that ruling on the same was waived by appellant.

[2] Appellant brings this case here upon only two assignments of error. The first relates to the action of the court in failing to strike out the plea of privilege, which need not be further considered for the reasons stated. The second assignment of error is as follows:

"The court erred in sustaining appellee's plea of privilege, for the reason that the uncontroverted evidence shows that this cause of action grew out of a transaction handled in the following manner: Appellee sold to appellant certain feedstuffs, attaching a bill of lading to a draft upon this appellant, which draft was sent by appellee to a bank in McLennan county, Tex., and was paid in McLennan county, Tex., by reason of said draft having the bill of lading attached thereto, and payment would not otherwise have been made, therefore properly laying jurisdiction in McLennan county, Tex."

The statement in this assignment of error shows no fact that would confer jurisdiction upon a court in McLennan county as against a defendant residing in another county. The petition alleged as a ground of such jurisdiction fraud committed in McLennan county. This assignment states no fact indicating any such fraud committed anywhere. The court heard the evidence upon this issue, and no evidence was introduced by appellant to show that there was any shortage in the weight of the car of grain; such being the case, the court did not err in sustaining the plea of privilege and transferring the case to Gonzales county.

When a plea of privilege to be sued in the county of one's residence is filed, and the same is controverted by alleging fraud committed in the county where the suit is brought, the burden is on the plaintiff to prove such fraud, at least to make a prima facie case of fraud. Nagle v. Weatherby (Tex. Civ. App.) 236 S. W. 509; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559. It is evident that appellant relied solely upon his plea of fraud, which was not sufficient to maintain an action in the county where the fraud is alleged to have been committed, without some proof of such fraud.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.