**COMMERCIAL CREDIT CO., Inc., v. BALLARD et al. (No. 2943.)**

(Court of Civil Appeals of Texas. Texarkana. June 6, 1924. Rehearing Denied June 19, 1924.)

**1. Venue ⬮17—Is fixed by law and not by contract.**

Venue is fixed by law and not by contract.

**2. Venue ⬮17—Parties held not to have unqualified right to contract with reference to venue.**

Makers of note having agreed by stipulation therein that suit could be brought by the holder in any county in the state, *held*, that the parties did not have unqualified right to contract as they did, without reference to, and in spite of, Vernon's Sayles' Ann. Civ. St. 1914, art. 1830.

Appeal from Hunt County Court; Olin P. McWhirter, Judge.

Action by the Commercial Credit Company, Inc., against T. B. Ballard and two others who interposed pleas of privilege. From a judgment sustaining pleas, plaintiff appeals. Affirmed.

The suit was commenced in the county court of Hunt county by appellant, as the indorsee, against appellees T. B. Ballard and B. F. Ballard, as the makers, of a promissory note for $366, payable to the order of the McGrain Motor Company. It was also against appellee E. R. Everitt, who, it was alleged, had "assumed and agreed to pay the indebtedness' evidenced by the note.

Each of the defendants filed a plea (conforming to the requirements of article 1903, Vernon's Statutes, 1918 Supp.) in which he alleged his residence to be in Van Zandt county, and asserted a privilege he claimed to be sued in that county instead of in Hunt county. Thereupon appellant filed a controverting plea in which it alleged:

That its suit was on "a promissory note signed by the defendants, whereby they bound themselves to pay to the order of the holder of said note the sum of $366 at the office of the Commercial Credit Company, Inc., New Orleans, La., and that said note and contract signed by the defendants further provides that the parties thereto consented that said suit might be brought thereon in any county in the state wherein the holder thereof might elect to sue. That the defendants by the terms of their written agreement have and did waive their privilege to be sued in the county of their residence, and that said agreement is valid and binding, and that by virtue of said agreement plaintiff has elected to bring this suit in this honorable court."

At the hearing of the question made by the pleas, appellant proved by the note itself that the Ballards, the makers thereof, had agreed that suit thereon might be brought by the holder thereof in any county in the state, but it did not prove that Everitt had agreed in writing or otherwise that he might be sued in any other county than the one he resided in, or even that he had agreed at all to pay the indebtedness evidenced by the note.

The trial court sustained the pleas of the Ballards and Everitt, and directed that the suit be transferred to the county court of Van Zandt county for trial. Thereupon appellant prosecuted this appeal.

L. Dillard Estes, of Commerce, for appellant.

Neyland & Neyland, of Greenville, and Stanford, Sanders & West, of Canton, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] Whether the action of the trial court in sustaining the Ballards' pleas of privilege was erroneous or not depends upon whether the stipulation in the note that they might be sued in any county in the state was binding on them or not. Appellant insists it was binding, and, as supporting its contention, cites Howard v. Barthold (Tex. Civ. App.) 206 S. W. 378; Grubbs v. Blum, 62 Tex. 426; Cecil v. Fox (Tex. Civ. App.) 208 S. W. 954; Wade v. Crump (Tex. Civ. App.) 173 S. W. 538; and Ward v. Odem (Tex. Civ. App.) 153 S. W. 634. As we understand those cases, the question was not presented in any of them except the Grubbs-Blum Case, and it was not decided in that case. The stipulation in the instrument relied on there was, as here, that the plaintiff might sue in any county in the state, and, further, that he might designate "any practicing attorney to waive process and confess judgment." The question decided was predicated on the part of the stipulation authorizing the designation of an attorney to waive process and confess judgment, and not on the part thereof providing that suit might be brought in any county in the state.

In International Travelers' Association v. Branum (Tex. Civ. App.) 169 S. W. 389, the contract required suit on it to be commenced in Dallas county. Suit was brought, instead, in Hamilton county, as was authorized by the statute. In overruling the defendants' contention that the contract, and not the statute, controlled, the Court of Civil Appeals said, "Venue is fixed by law and not by contract;" and the Supreme Court in the same case (109 Tex. 543, 212 S. W. 630) quoted approvingly as follows from a Massachusetts case (Nute v. Ins. Co., 6 Gray, 174):

"The rules to determine in what courts and counties actions may be brought are fixed, upon considerations of general convenience and expediency, by general law; to allow them to be changed by the agreement of parties would disturb the symmetry of the law, and interfere with such convenience."

⬮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Applying to the instant case the principle recognized in the case referred to (and see 27 R. C. L. 779, 785), we think it should be held that the trial court did not err in ruling as he did. The declaration in article 1830, Vernon's Statutes, is that—

"No person [except in cases specified] who is an inhabitant of this state shall be sued out of the county in which he has his domicile."

It is not claimed that this case is among those specified in the statute as excepted from the inhibition stated. The contention is that the parties had a right to contract as they did, without reference to, and in spite of, the statute. For reasons stated in the authorities cited above, we do not think they had such a right.

If, as we hold, the court below did not err when he sustained the pleas of the Ballards, who contracted as stated, of course he did not err when he sustained the plea of Everitt, who was not shown to have done anything which it could be pretended deprived him of a right to be sued in the county of his domicile.

The judgment is affirmed.