**STRINGFELLOW et al. v. LOYAL TABERNACLE NO. 48 et al. (No. 465.)\***

(Court of Civil Appeals of Texas. Waco. Feb. 24, 1927. Rehearing Denied March 10, 1927.)

1. Judgment ⬉⟾584—To be "res judicata," there must be identity in things sued for, cause of action, parties, and right in which parties sue.

In order for a case to be res judicata four conditions must concur, namely: Identity in (1) things sued for; (2) cause of action; (3) parties to the action; (4) right in which parties sue.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

2. Judgment ⬉⟾678(1) — Action by Grand Lodge held not res judicata of suit by officers of local lodge for same fund against same defendants.

Action by Grand Lodge against former officers and members for fund retained in name of one *held* not res judicata of suit by officers and members of local lodge for same fund against same defendants.

3. Beneficial associations ⬉⟾17—Resigning officers and members of lodge held to have lost right to hold, manage, or control lodge funds.

Where certain officers and members of a lodge resigned, their right to retain a fund on deposit in the name of one or to manage or control such fund *held* lost.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Suit by Loyal Tabernacle No. 48 and others against Charlotte Stringfellow and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

F. M. Fitzpatrick, of Waco, for appellants. Taylor & Atkinson and R. D. Evans, all of Waco, for appellees.

BARCUS, J. This suit was instituted by the officers and certain named members of appellee, seeking to recover $1,015, which was on deposit in the Farmers' Improvement Bank in the name of Charlotte Stringfellow, high priestess, which appellees claimed belonged to appellee Loyal Tabernacle No. 48. The record shows that appellee is a local lodge and is subordinate to the Grand Lodge of the state; that the local lodge collects certain dues and fees, a portion of the same being payable by the local lodge to the Grand Lodge, and certain portions thereof belong to the local lodge as its funds. It appears that appellee had been in existence for a long number of years and had accumulated the $1,015 as a fund which belonged exclusively to it. It appears that in November, 1924, appellant Charlotte Stringfellow, who was at that time and had been for many years the high priestess of appellee, announced to the membership present at a regular meeting that she had resigned from the lodge and had transferred her membership to a new lodge of a similar character, and that immediately about 40 other members of appellee resigned their membership and took membership in the new order, leaving as members of appellee at said time about 40 members, only 3 or 4 of whom, however, were present at said meeting. The record shows that, immediately after Charlotte Stringfellow and the other officers and mem-

---

bers of the lodge had resigned and withdrawn, J. S. Adair, the state grand mentor of the lodge, who had authority so to do, installed Emma Turner as high priestess and other members in other offices of appellee, and that it has continued to function since said date with said officers in control. It appears that just before or after (the time being uncertain and immaterial) Charlotte Stringfellow and the others resigned, J. S. Adair, as chief grand mentor of the Grand Lodge of Texas, filed a suit, for and in the name of the Grand Lodge, in the district court of McLennan county against Charlotte Stringfellow and the other old officers of appellee, who are appellants here, to restrain them from transferring the assets and membership of the local lodge, appellee herein, to another order, and seeking to recover for the Grand Lodge all of the robes and paraphernalia belonging to appellees, and also to recover the $1,015 in controversy herein. The record shows that Emma Turner, Maria Shares, and Roy Howard, the present officers of appellee, were witnesses in that case and knew of the pendency of said suit on the part of the Grand Lodge. Appellants in said suit filed some pleas in abatement and a cross-action. The judgment in said cause was that plaintiff take nothing, but did not dispose of the cross-action.

Appellants, as their sole defense in this cause, contend that appellees are bound by the judgment rendered in said former suit. This cause was tried to a jury, and at the conclusion of the testimony the trial court instructed a verdict for appellees. As we view the record, there was no issue of fact to be submitted to the jury. The only issue to be determined under the pleadings and testimony was as to the effect of the judgment rendered in the suit brought by Adair for the Grand Lodge against appellants, and the facts and pleadings with reference thereto are undisputed. In addition to the facts hereinbefore stated, it was shown without controversy that R. D. Evans, one of the attorneys for appellees in this suit, brought the suit as attorney for the Grand Lodge, and that all of the parties to this suit had actual knowledge of said suit being brought and were in actual attendance upon the trial thereof. It was shown without dispute that the funds involved in this litigation belonged alone to appellee, the local lodge, and that the Grand Lodge did not have at the time the suit was brought for it by Adair any interest in or to said fund. Under the constitution and by-laws of the Grand Lodge it is provided that, where a local lodge for any reason ceases to exist, the grand mentor of the Grand Lodge may take possession of all the property, and, if the local lodge is not reorganized within twelve months, all of the assets of the local lodge shall be sold and turned into the grand treasury. It is shown without controversy in this case that the local lodge never ceased to exist. Charlotte Stringfellow, one of appellants, testified that she had been the high priestess of the local lodge for more than 20 years, and that the fund in controversy belonged to the local lodge, and that at the time she resigned as high priestess there were some 40 or 45 members present, and all except 3 or 4 announced at that time their intention to and did leave appellee and go into a new lodge of a similar character that was being organized. She testified that at said time there were more than 80 members belonging to appellee, and there is no dispute in the record but that immediately upon her resignation and withdrawal from the lodge new officers were installed, and that appellee has continued to function as a local lodge.

[1, 2] The funds in controversy therefore having never belonged to the Grand Lodge, the judgment rendered against it in the suit brought by Adair was proper, but could not affect the rights of the local lodge to said funds. In order for a judgment in one cause to be res judicata, four conditions must concur, namely: "(1) Identity in the things sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons (that is, the right in which they sue) for or against whom the claim is made." Allen v. Frank (Tex. Civ. App.) 252 S. W. 347; Philipowske v. Spencer, 63 Tex. 604; Wilson v. Casey, 3 Tex. Civ. App. 141, 22 S. W. 118. Clearly, the judgment rendered in the suit brought by Adair for the Grand Lodge cannot be res judicata as against a suit brought by the local lodge for the same funds. There is lacking in the two suits at least three of the elements that are required in order to make that suit res judicata to the present suit.

[3] The only thing similar in the two suits is the fund in controversy. Appellants, having withdrawn from the lodge and having resigned as officers of appellee, thereby lost their right to hold, manage, or control the funds for the local lodge, and the officers of appellee who brought this suit for and on behalf of the local lodge are, under its constitution and by-laws, entitled to same as its representatives.

We have examined all of appellants' assignments of error and same are overruled. The judgment of the trial court is affirmed.