• H. H. WATSON CO. v. ALFALFA GROW-ERS' EXCHANGE.   (No. 325.)

Court of Civil Appeals of Texas. Eastland.
Sept. 9, 1927.

Rehearing Denied Nov. 18, 1927.

1. Pleading ⚖⇒111—In opposing plea of privilege, plaintiff need prove only facts probably establishing case cognizable in county where suit was brought.

On hearing of plea of privilege, plaintiff must clearly prove right to maintain suit in county where it is brought, but this only requires proof of facts which probably establish a case cognizable in the county of the forum.

2. Appeal and error ⚖⇒912—On appeal from order sustaining plea of privilege, appellate court refused to assume plea was sustained because court disbelieved plaintiff's testimony constituting prima facie case.

On appeal from an order sustaining plea of privilege, appellate court refused to assume that the plea had been sustained because the trial court had not believed defendant's uncorroborated testimony, which was sufficient to establish prima facie case.

On Rehearing.

3. Venue ⚖⇒7—Written shipping instructions held not part of contract to deliver hay at any point designated by buyer within limited territory.

Where seller, by contract, agreed to deliver hay at any point designated by buyer within limited territory, subsequent written shipping instructions to ship hay to certain city within that territory held not part of contract.

4. Venue ⚖⇒7—Buyer's written shipping instructions, designating place for delivery, held not part of contract so as to authorize suit in county designated, under venue statute (Rev. St. 1925, art. 1995, subd. 5).

Where seller contracted to deliver hay at any point designated by buyer within limited territory, buyer's written shipping instructions held not part of contract so as to authorize bringing suit in county where delivery was instructed to be made, under Rev. St. 1925, art. 1995, subd. 5, providing that suit may be maintained in county where defendant has contracted in writing to perform obligation.

5. Venue ⚖⇒7—Under venue statute permitting suit in county of performance of contract, place of performance must be plainly designated in writing (Rev. St. 1925, art. 1995, subd. 5).

Under Rev. St. 1925, art. 1995, subd. 5, authorizing suit to be maintained in a particular county, if defendant has contracted in writing to perform an obligation in such county, place of performance must be plainly designated in the writing.

6. Venue ⚖⇒7—Venue cannot be conferred on doubtful construction of contract (Rev. St. 1925, art. 1995, subd. 5).

Under Rev. St. 1925, art. 1995, subd. 5, venue cannot be conferred on a strained and doubtful inference or construction of a contract.

Appeal from Dallas County Court at Law No. 2; Wm. M. Cramer, Judge.

Suit by the H. H. Watson Company against the Alfalfa Growers' Exchange. From order sustaining defendant's plea of privilege, plaintiff appeals. Affirmed.

George Sergeant, of Dallas, for appellant.
J. N. Townsend, of Dallas, for appellee.

PANNILL, C. J. The appellant was plaintiff in the court below and brought suit against appellee for damages for the alleged breach of a contract. The appellee in due time and form presented his plea of privilege. Appellant filed a controverting affidavit, seeking to sustain the venue of the suit in Dallas county, under subdivision 5, art. 1995, R. S. 1925, prescribing venue in civil cases. The subdivision is the same as subdivision 5 of the previous codification, and authorizes a suit to be maintained in a particular county, if the defendant has contracted in writing to perform an obligation in such county. Upon a hearing of the issue thus joined, the trial court sustained the plea of privilege, from which order this appeal is prosecuted.

The material facts shown by the record, in substance, are: That by an exchange of telegrams sent by the respective parties from April 10, 1925, to April 13, 1925, the appellee sold to appellant 20 carloads of hay to be delivered to Texas common points, by which it was contemplated that the appellee would deliver the hay to any point in Texas designated by appellant which was east of a line running north and south from Amarillo through Big Spring and Devine, Tex.

The purchase by appellant was confirmed by it by a letter dated April 13th, but the confirmation stated the number of cars as 15. On April 15th appellee replied to this letter, calling the appellant's attention to the fact that 20 cars had been sold, instead of 15, and informing appellant that 5 cars

had been shipped previously thereto, and asking for shipping instructions for the remainder of cars by wire immediately. Upon receipt of this letter, and on April 17, 1925, appellant wired instructions to appellee to ship all hay to Dallas. For the 5 cars shipped by appellee, drafts were drawn with bill of lading for the cars attached.

As will be readily noticed, the sole question arising under the facts stated is whether the respective telegrams and letters created an obligation on the part of the appellee to perform any part of the contract in Dallas county. The appellant asserts that the evidence showed an obligation to deliver the hay in Dallas county. Appellee's position is that no such obligation was created, for that the contract was complete upon the exchange of telegrams; that the letters of confirmation and shipping instructions thereafter given are no part of the contract; and that the contract as made by the original exchange of telegrams does not fix performance in a particular county as required by the statute adverted to. The appellant relies upon the decisions by the Supreme Court such as Scott & Mayhall v. Lubbock Grain & Coal Co., 113 Tex. 127, 252 S. W. 164; Patterson v. Smith Bros. Grain Co., 113 Tex. 147, 252 S. W. 1058; Turner v. Riverside Cotton Oil Co., 113 Tex. 143, 252 S. W. 1060. And the case of Heid Bros. v. Smith-James Grain Co. (Tex. Civ. App.) 267 S. W. 1044, and Ross-Carter Grain Co. S. W. 239. These decisions approve the rule as applied in Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399, and other authorities following that case cited in Scott & Mayhall v. Lubbock Grain & Coal Co., supra. The facts in these cases are not parallel but the decisions furnish, it appears, a direct analogy to the case at bar.

The appellee insists, however, that the letters of confirmation with shipping instructions noted cannot be considered under the rule declared in Sugarland Industries v. Universal Mills (Tex. Civ. App.) 275 S. W. 406, and the authorities there cited. If the letters of confirmation, together with shipping instructions, bound appellee to deliver the hay at Dallas, Tex., under the appellee's previous written agreement to deliver the hay to any point known as Texas common points, which included Dallas, then under the rule announced in the authorities cited above, a contract was made by the appellee to deliver the hay in Dallas, and the case would evidently come within subdivision 5 of our venue statute.

The rule relied upon by appellee is that letters of confirmation which were not stipulated for or contemplated by the original agreement, made after the contract is concluded, and particularly after it has been partially performed, which place an additional burden upon the party sought to be

charged, not included in the original contract are no part thereof, unless supported by an additional consideration. But it is not believed that the letters of confirmation and shipping instructions in this case come within this rule. The original contract, as evidenced by the telegrams, plainly and certainly contemplated that there would be added as a part thereof subsequent shipping instructions, and that, upon receipt of such instructions, the delivery of the hay would be made to the destination selected by appellant, and that until such shipping instructions were received the contract was not complete. Seley v. Williams, supra. We have therefore concluded that the shipping instructions are to be regarded as a part of the contract, and that the evidence detailed above, when considered together, shows a contract performable in Dallas county.

[1, 2] Appellant's case as to venue was made out by the introduction of the messages and letters above referred to. These were identified by the testimony of an agent of appellant. Appellee insists that the action of the trial court in changing the venue should be upheld upon the theory that the trial court discredited the testimony of appellant as to the sending of the telegram instructing shipment of the hay to be made to Dallas. This contention is based on the general rule that the trial court is not bound by the uncorroborated testimony of an interested witness, and may render judgment contrary to such testimony although uncontradicted.

We cannot adopt this view. While we understand the rule to be that upon the hearing of a plea of privilege, it devolves upon the plaintiff to clearly prove his right to maintain the suit in the county where it is brought, but this at most only requires proof of a state of facts which probably establishes a case cognizable in the county of the forum. First National Bank v. Childs (Tex. Civ. App.) 231 S. W. 807; J. G. Smith Grain Co. v. Shuler (Tex. Civ. App.) 249 S. W. 524; Richardson v. Cage, 113 Tex. 152, 252 S. W. 747.

All the testimony of appellant is liable to the attack noted. As stated, all the written communications relied on to establish a contract between the parties were only identified by the uncorroborated testimony of appellant's agent. It could be plausibly argued that, by sustaining the plea, the court found that there had never been any sort of negotiations between the parties. We are unwilling to carry the rule announced to such an extremity. Appellee introduced no testimony, but rested its plea on the record as made by appellant. We believe that, under the authorities noted above, appellant made out a prima facie case, fixing the venue in Dallas county. And this was all that was required.

Believing that the evidence introduced, and which was evidently considered by the court, established a contract in writing on

the part of the appellee to deliver the hay in Dallas county, it necessarily follows that the judgment of the trial court should be reversed and remanded, with instructions to proceed to final trial and disposition of the case in the trial court.

### On Rehearing.

[3, 4] Upon consideration of appellee's motion for rehearing and appellant's reply thereto, we have concluded that there was error in the original decision in holding that the letter from appellant to appellee containing shipping directions was a part of the contract and made the agreement one for delivery in Dallas. It is clear that, without considering this letter as a part of the contract, venue was not laid in Dallas county, as there was no particular county specified in which performance was to be had, and it was only on the theory that the letter constituted a part of the contract that the conclusion was reached that venue lay in Dallas county. Commercial Credit Co. v. Ballard et al. (Tex. Civ. App.) 263 S. W. 1101; Sealy Oil Mill & Mfg. Co. v. Barronian (Tex. Civ. App.) 282 S. W. 315.

The contract was completed by the exchange of the telegrams noted, and, although while unperformed it could have been modified without a new consideration arising, still there is nothing in the original agreement stipulating that the designation by appellant of the destination of the hay should be in writing. These directions could have as well been given in person or over long-distance as by letter, and would have been as binding. The appellee did not reply to this letter of instructions, and did not in writing add anything to its existing obligation.

To hold appellee had agreed in writing to deliver the hay in Dallas by reading appellant's letter of instructions into the contract would, in effect, impose on appellee, by implication, an obligation in writing to perform in a particular county, and this the law of venue does not permit. Allison v. Hamic (Tex. Com. App.) 260 S. W. 1037.

[5] The place of performance must be plainly designated in writing. The only implication permissible is where performance is fixed at a place to be found only in a particular county. Then performance in that county is implied. Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Cumming v. Chilson (Tex. Civ. App.) 265 S. W. 1099.

The error in the original opinion is the holding that the original contract, as evidenced by the telegrams, plainly and certainly contemplated that there would be added as a part thereof subsequent shipping instructions, and until such shipping instructions were received the contract was not complete. It was, of course, contemplated that shipping instructions would be given, but

there is nothing in the original contract to indicate that these instructions should be in writing.

We have concluded that the letter of appellant merely giving directions as to the method of performance of the contract already completed cannot be ingrafted on to the agreement so as to require appellant to answer at a different place from that required under the contract as originally made.

[6] In any event, the matter of adding the letter of instructions as a written obligation to the agreement is certainly involved in considerable doubt and perplexity, and it is the rule that venue cannot be conferred on a strained and doubtful inference or construction.

For the reasons stated, appellee's motion for rehearing is granted, and the judgment of the trial court is affirmed.