**COTTINGHAM BEARINGS & SERVICE INC., Appellant,**

v.

**T. L. BRICE COMPANY, Appellee.**

No. 15745.

Court of Civil Appeals of Texas.

Dallas.

Jan. 20, 1961.

Palmer & Rochelle, Dallas, for appellant.

Gillespie, Gillespie & Robinson, Sherman, for appellee.

YOUNG, Justice.

This is a venue case; T. L. Brice Company, a corporate resident of Grayson County, having there sued Cottingham Bearings & Service, Inc., a resident of Dallas County for breach of contract and negligence following the purchase of steel belting by appellee from appellant, alleging defective merchandise. The latter duly filed a plea of privilege, opposed by appellee's controverting affidavit invoking subd. 5, Art. 1995, Vernon's Ann.Civ.St. By trial amendment the provisions of Exception 9a were added but withdrawn on appeal; appellee relying solely on Subd. 5 to sustain venue in Grayson County. The plea upon hearing was overruled with timely appeal.

Plaintiff owned and operated a pickle company in June of 1957 at Sherman equipped with machinery; at that time deciding to replace its main packing line with new stainless steel conveyor belting; Mr. Brice contacting a Mr. Gilbert of either Fort Worth or Dallas, asking him to place the company in touch with a supplier. Some days later Mr. Cottingham, defendant's president and Mr. Parry, the company representative, visited Mr. Brice at his Sherman office, quoting prices and inspecting the plant; Brice deciding to purchase new belting of same type as that already in use. A written order was then made up, describing 132-feet of stainless steel belting and other items, signed by Mr. Parry; the statement reciting at top "Cottingham Bearings & Service, Dallas, Texas, to Brice

Pickle Company, Sherman, Texas." The next week Mr. Brice also decided to replace the filler, washer and drier conveyor equipment; calling defendant concern in Dallas and increasing the prior written order to 178-feet of stainless steel belting, or 46 additional feet; and it is of this latter footage that plaintiff complains. The invoice evidencing the entire order bears defendant's printed name at head "sold to T. L. Brice Company, Sherman, Texas", but not signed by either party, with the words "ship via * * * Central * * *"; then stating, after description of articles purchased, "plus freight * * * all bills due and payable in Dallas, Dallas County, Texas."

At the hearing, Mr. Brice testified that the belting was delivered at the plant later in July, paid for and installed; operating without incident until December when the 46-feet of new equipment servicing filler, washer and drier began to break and develop rust, resulting in frequent shut-downs of plant for repairs; that defendant was promptly notified of the recurrent trouble with the 46-feet of conveyor belting; claiming breach of warranty or contract in that said short line was not stainless steel as ordered but was of inferior composition. At the initial conference Brice had made inquiry of defendant of how soon delivery could be expected, "since this other conveyor was needing to be replaced as quickly as possible"; the written order signed by Parry being executed there at Sherman. This writing was introduced in evidence, along with the later unsigned invoice attached to plaintiff's controverting affidavit as a contract performable in Grayson County pursuant to Subd. 5, Art. 1995. This exception provides: "Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1."

Concededly, under the numbered exception the burden was upon appellee of proving an obligation in writing; its execution by defendant, and one performable in Grayson County. We may consider the written order as amended by invoice a sufficient compliance with the exception as an obligation in writing; but does such a contract "from its four corners" plainly indicate the venue of performance? 43-B Tex. Jur. § 40, p. 171. We think not. Plaintiff says that said written order was signed by defendant at the Grayson County Plant, all parties knowing that the merchandise was to be there used; constituting a delivery in Grayson County. Prior to 1935 it was held not to be imperative that the contract should by express terms provide for performance in a particular county; it being "sufficient if the legal effect and purport of the instrument was that it should be performed in the county where suit was brought." 43-B Tex. Jur. p. 172. The 1935 amendment did not enlarge, but restricted the effect thereof. Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424. The caption of the amendment reads: "An Act amending Subdivision 5 of Article 1995, of the Revised Civil Statutes of the State of Texas, 1925, by distinctly specifying that the county for the performance of the obligation which is involved in the suit, must be named by the writing expressly, and declaring an emergency." (Acts 1935, C. 213.) In this connection our Supreme Court has held: "The intention of the Legislature in adding this amendment is obvious. Under Subsection 5 as it stood at the time of the amendment one might become a party to a contract which by implication obligated him to perform in a particular county, although the contract did not expressly name the county of performance and obligate the defendant to perform therein. By amendment the language of the subdivision was made so plain as to admit of no construction that would fix venue by implication. In order to sustain venue in Harris County in this case the contract must have expressly named that county or some definite place therein where relator was obligated to perform. This contract

does not meet that test." Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610, at pages 610, 611.

Likewise in the case at bar, by giving full effect to the wording of the written order and invoice, it is only by implication that we may find an obligation in either to perform anything in Grayson County. "The language of the amendment of sub-division 5 leaves no room for construction, it clearly conveys but the one expressed meaning, that the contract 'by such writing,' must expressly state the particular county or place therein where the obligation is to be performed." W. T. Rawleigh Co. v. Karnes, Tex.Civ.App., 103 S.W.2d 431, at page 432. In consequence, this cause must be reversed and judgment rendered transferring the same to a Dallas County District Court.

It is so ordered.