**KNAPP CORPORATION, Appellant,**

v.

**The LOFLAND COMPANY, Appellee.**

**No. 17601.**

Court of Civil Appeals of Texas, Dallas.

April 23, 1971.

George W. Butterworth, Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

James A. Baker, Goldberg, Alexander & Baker, Dallas, for appellee.

BATEMAN, Justice.

Venue only is involved on this appeal. Appellee The Lofland Company sued the appellant Knapp Corporation on verified account. Appellant filed its plea of privilege in proper form to be sued in the county of its residence, El Paso County, Texas. By its controverting plea the appellee asserted the right to sue in Dallas County by virtue of subdivision 5 of Article 1995, Vernon's Ann.Civ.St., claiming that its suit was based upon statements and invoices providing for payment at Dallas, Texas. The plea of privilege was overruled.

Appellee's claim that appellant contracted in writing to pay for the goods in Dallas, Texas is based upon a statement contained in each of three invoices that "all bills due and payable in Dallas, Texas." These invoices were not signed by either party. One of them is dated August 28, 1969 but shows a shipping date of August 15, 1969. Another is dated September 19, 1969, but shows a shipping date of September 9, 1969. The third is dated January 2, 1970 but shows a shipping date of December 18, 1969.

In its first, second and fifth points of error on appeal the appellant complains of the order overruling its plea of privilege because there was no evidence, or in any event insufficient evidence, to bring the case within the exception provided by subdivision 5 of Article 1995, V.A.C.S. Appellee argues, to the contrary, that the invoices formed an integral part of the contract of sale and that after receiving same appellant made no objection to the stipulation therein as to place of payment, thus bringing the case within the rule announced in Hurlbut v. Lyons, 405 S.W. 2d 398 (Tex.Civ.App., El Paso 1966, writ dism'd), and Harrison v. Facade, Inc., 355 S.W.2d 543 (Tex.Civ.App., Dallas 1962, no writ).

We agree with appellee that when a seller of goods furnishes the buyer an invoice stipulating the place of payment, which invoice actually is a part of the agreement between the parties, there is a contract in writing by which the buyer agrees to pay for the goods at the place stipulated therein. However, in a case where the kind and quantity of goods to be purchased, the price to be paid therefor, the place of delivery, etc., have already been agreed upon when the goods are shipped, the seller cannot unilaterally fix the place of payment by subsequently sending to the buyer an invoice containing a stipulation thereof.

In the case at bar, one invoice is dated thirteen days after the shipping date, another is dated ten days after the shipping date, and the third is dated fifteen days after the shipping date. The burden was on the appellee to show by a preponderance of the evidence that appellant had contracted in writing to pay for the merchandise in Dallas County. We do not think the appellee has carried that burden. The only evidence on the point was a series of requests for admissions which, being unanswered, established merely that at the request of appellant the appellee had delivered to it the merchandise described in the three invoices, that the prices therefor were reasonable and agreed upon, and that though appellant received the invoices it made no complaint about the provision for payment at Dallas. Appellee made no effort to explain the discrepancy between the respective dates of the invoices and the shipping dates shown thereon. If there was a satisfactory explanation, it was doubtless within appellee's power to make it. Not having seen fit, or being unable, to do so, its case falls within the rule announced in Trans-South Hydrocarbons Co. v. Trinity Industries, 419 S.W.2d 662 (Tex. Civ.App., Dallas 1967, no writ). In that case there was testimony that the transaction between the seller and buyer was a completed one prior to the time the invoice was mailed to the buyer. It was held that the contract having been consummated without mentioning the place

of payment, that element could not be added by language contained in an invoice subsequently mailed to the buyer. See also Smith Grain Co. v. H. H. Watson Co., 285 S.W. 868 (Tex.Civ.App., San Antonio 1926, no writ); Watson v. Howe Grain & Mercantile Co., 214 S.W. 843 (Tex. Civ.App., Texarkana 1919, no writ); H. H. Watson Co. v. Alfalfa Growers' Exchange, 300 S.W. 199, 201 (Tex.Civ.App., Eastland 1927, no writ); and Ferguson v. Sanders, 133 S.W.2d 806, 809 (Tex.Civ. App., Dallas 1939, no writ).

The trial court filed findings of fact establishing the sending of the invoices describing the goods sold, the prices charged therefor, the terms of payment and the place of payment in Dallas County, Texas, which were received by appellant without complaint, but we cannot agree with the court's conclusion that these invoices constituted a part of the contract between the parties, which appellant assented to by its silent acceptance of the merchandise, making the suit properly maintainable in Dallas County.

We agree with appellant that the subsequently mailed invoices were not shown to be a part of the contract and that it owed no duty to object to appellee's effort to add to an agreement already in existence. In any event, the matter of adding the invoices as a part of the written agreement is at least involved in considerable doubt and perplexity, "and it is the rule that venue cannot be conferred on a strained and doubtful inference or construction." H. H. Watson Co. v. Alfalfa Growers' Exchange, supra; Cottingham Bearings & Service Inc. v. T. L. Brice Co., 342 S.W.2d 597 (Tex.Civ.App., Dallas 1961, no writ). Accordingly, appellant's first, second and fifth points of error are sustained.

The third point of error complains of the overruling of the plea of privilege because there was no evidence that either party signed any instrument in writing as required by subdivision 5 of Article 1995, V.A.C.S. The statute does not require that such an instrument be signed, only that it be in writing and obligate the party to perform in a particular county. His assent may be proved by other means than his signature. This point is therefore overruled.

For the same reason, we overrule Point of Error No. 4, complaining of the failure of the court to recognize and accept as a part of the record the appellant's plea of *non est factum*. Appellee had not charged that appellant had signed these invoices, and the plea was therefore of no significance.

The order of the court overruling appellant's plea of privilege is reversed and judgment is here rendered sustaining the same and transferring the case to the district court of El Paso County, Texas for trial.