## WATSON v. LANDA COTTON OIL CO.
### (No. 6526.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 23, 1921. Rehearing Denied March 16, 1921.)

**Venue** ⟳7 — **Contract held one performable in county of suit.**

Buyer's action against seller for nondelivery, contract being for sale of cotton seed delivered f. o. b. cars at a point in C. county and for payment of price there, *held* properly brought in C. county, under Rev. St. art. 1830.

Appeal from District Court, Comal County; M. C. Jeffrey, Judge.

Action by the Landa Cotton Oil Company against H. H. Watson. From judgment sustaining the jurisdiction against defendant's plea of privilege, defendant appeals. Affirmed.

Lacy & Bramlette, of Longview, and Henne & Fuchs, of New Braunfels, for appellant.
Dibrell & Mosheim, of Seguin, and Martin Ruppel of New Braunfels, for appellee.

COBBS, J. This is a suit for damages instituted in the district court of Comal county. Appellant filed a plea of privilege to be sued in Gregg county, his domicile. Appellee filed a controverting affidavit, insisting that suit was properly brought because appellant had executed a contract in writing performable in Comal county.

The trial court sustained the jurisdiction, and the plea was overruled; hence this appeal.

The contract is based upon the following letters and contract:

"September 14, 1917.
"Mr. H. H. Watson, Longview, Tex.—Dear Sir: Referring to your several wires. This will confirm our purchase from you over the telephone this morning of 500 tons prime, sound, clean cotton seed at $69.00 per ton delivered New Braunfels, Texas, for September 1917 shipment, our mill weights and grades to govern settlement; it being understood that these 500 tons are to be shipped from Longview or nearby points. You will please make all shipments on open bill of lading attached to draft and in accordance with our agreement we will protect your draft for about full amount of invoice on account, you paying exchange on all drafts. If at any time your cars fall short you must immediately make it good, and on the other hand, for any cars running over we will immediately remit balance due you as per contract (issued in duplicate) enclosed herewith which you will please sign and return one copy to us, retaining the other for your files.
"Thanking you,
"Yours truly, Landa Cotton Oil Co.,
"by ———, Prest."

The Contract.

"Purchase No. 1.
    "New Braunfels, Tex., Sept. 14, 1917.
    "This is to certify that I have this day sold to Landa Cotton Oil Company * * * New Braunfels, Texas, five hundred * * * (500) ton xxxx, sound, clean and dry cotton seed, prime quality.
    "Price $69.00 per ton of two thousand (2,000) pounds, f. o. b. cars at New Braunfels, Texas. * * *
    "Shipment September, 1917. * * *
    "Terms: Sight draft for 100 per cent. of value, payable demand draft B/L attached.
    "Weights and quality guaranteed at destination by seller and all balance due and payable at New Braunfels when car is unloaded.
    "Carl Starr, Buyer.
                        "H. H. Watson, Seller.
    "[In Duplicate]        Multigraph."

    "Longview, Tex., Sept. 14, 1917.
    "Landa Cotton Oil Co., New Braunfels, Tex. —Gentlemen: This confirms sale to you of 500 tons of prime cotton seed at $69.00 per ton delivered; destination weights. We suppose you allow the usual $3.00 per car loading charges. We will make draft on you for full amount and make prompt shipment of any shortages. All seed that we have seen this year are of excellent quality.
        "Yours truly,        H. H. Watson.
    "HHW-tc Confirmation of Sale."

Appellant has presented his case by a number of assignments, but the real question here to be decided is: Was the ruling correct and was the case properly triable in Comal county?

It is the contention of appellant that there is no definite statement or obligation expressed or implied that the contract was to be performed in Comal county; that it was not within their minds that the agreement was to deliver cotton seed in New Braunfels, but only the seller would pay freight to New Braunfels, and accept the destination weights and condition there, but not to deliver, merely to be bound by what the evidence might show the weight and quality to be at destination. His contention, as we gather it, both from written and oral argument, is, as the title passed out of the shipper when delivered to the carrier, he had nothing further to do with the delivery, and the delivery therefore became complete and fixed at point where the common carrier received the seed, and therefore not at New Braunfels. It is also contended that no other clause, as to drawing the draft with bill of lading attached, payment or otherwise, made the contract or any part thereof performable in Comal county.

It is his contention that, while the delivery called to be made on the cars f. o. b. at New Braunfels, it means only the price and merely to agree that seller would pay the freight to New Braunfels; nothing more. In support of his contention he cites the following cases: Harris v. Moller, 207 S. W. 961; Lee v. Gilchrist Cotton Oil Co., 215 S. W. 977. In cases cited the contract was to deliver f. o. b. at the point where the goods were received by the railroad company, and no definite place for delivery agreed upon as the point of destination, as here, and in all such cases that act is treated as a delivery to the purchaser through the agency of the common carrier, and in such cases there is no real or implied promise to perform the contract at the point of destination. In the last-cited case Mr. Justice Jenkins explains very clearly the meaning of the term "deliver f. o. b." These authorities do not support appellant's contention. There is no such contract in those decisions as here set out, and the cases are easily distinguished from the facts of this case.

For venue appellee relies on article 1830, Rev. Stats., and contends appellant contracted in writing to perform the obligation in Comal county. We think appellee by the contract and letters has shown a written contract performable in Comal county covered by the statute. It is in writing and signed by appellant. It is dated New Braunfels, September 14, 1917, saying:

"I have this day sold to Landa Cotton Oil Company, New Braunfels, Texas * * * pounds f. o. b. cars at New Braunfels, Texas. * * * Terms: Sight draft for 100 per cent. of value payable demand draft B/L attached. Weights and quality guaranteed at destination by seller and all balance due and payable at New Braunfels when car is unloaded."

Here are contained all the elements of a written contract showing the sale to appellant of the cotton seed to be delivered in New Braunfels, and cotton to be delivered f. o. b. on cars at New Braunfels, with draft at sight attached to the bill of lading with weights and quality guaranteed at destination, and payable at New Braunfels when car is unloaded. Every part of the contract requires the performance in New Braunfels. Drafts to be drawn and money paid there. Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Landa v. Lattin, 19 Tex. Civ. App. 246, 46 S. W. 48; Word v. Elwood, 90 Tex. 130, 37 S. W. 414; Gaddy v. Smith, 116 S. W. p. 165; Theodore Keller Co. v. Mangum, 161 S. W. 19; Callender-Holder & Co. v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366; Cecil v. Fox, 208 S. W. 955.

The provision that the cotton seed should be shipped with bill of lading and draft attached, and weights guaranteed at destination, and payable at New Braunfels when car is unloaded, can leave no doubt of the place of performance of the contract to be at New Braunfels in Comal county.

We think suit was properly instituted in Comal county.

We overrule all the assignments and affirm the judgment.