**C. P. RAY & CO. v. LA RUE & BARRON CO. (No. 8618.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 28, 1922.)

1. Sales ⬿23(4)—Buyers, by failure to reply to seller's letter giving notice of alteration of order, held to acquiesce therein.

Where seller on receipt of order wrote buyers that it could not ship the brand ordered, but that it had booked buyers a different brand and would ship such brand, and that buyers should notify seller "if this is not entirely satisfactory," the buyers, by failure to reply, acquiesced in alteration of contract by seller.

2. Venue ⬿7 — Action properly brought in county in which contract was to be performed.

Where contract provided that goods were to be delivered to, and to be received by, and to be paid for in county of buyer's residence,

and seller was a private corporation, buyer's action for failure to deliver was properly brought in county of buyer's residence, under Rev. St. 1911, art. 1830, subd. 24, though contract specified that it was "performable in" county in which seller had its place of business, since such expression did not destroy specific provisions for performance in county of buyer's residence.

3. Contracts ⬿127(4) — Statutory right to sue in certain county can be waived, but cannot be bartered away by contract.

The statutory right to bring an action in a certain county may be waived, but cannot be bartered away in advance by contract; such an agreement being against public policy.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Suit by C. P. Ray & Co. against the La Rue & Barron Company. From judgment sustaining defendant's plea of privilege to be sued in another county and ordering the cause of action transferred to the district court of the other county, plaintiff appeals. Reversed and remanded.

Callicutt & Johnson, of Corsicana, for appellant.

E. A. Landman, of Athens, for appellee.

HAMILTON, J. This is an appeal from a judgment sustaining a plea of privilege to be sued in Henderson county, Tex., instead of Navarro county, Tex., and ordering the cause of action transferred to the district court of the former county.

The suit was filed by C. P. Ray and D. W. Ray, appellants, who were the members of a partnership firm designated as C. P. Ray & Co., both of whom resided at Kerens, Navarro county, Tex. It was alleged by them that defendant La Rue & Barron Company is a corporation with its principal office in Athens, Henderson county, Tex., and that on or about January 22, 1920, it, through its traveling representative at Kerens, Navarro county, Tex., sold and contracted to sell to plaintiff certain merchandise consisting of flour, etc., at stipulated prices f. o. b. Kerens, Tex., and that this shipment was to be made by freight with draft attached to be drawn through the First National Bank of Kerens, Tex., and that delivery by appellee to appellant was to be made at Kerens, Navarro county, Tex., at which place the contract and sale was made. It was alleged that appellee, notwithstanding it was bound and obligated by its contract to deliver the merchandise to appellants at Kerens, Navarro county, Tex., failed and refused to make delivery, and that such breach of contract resulted in the damages they sought to recover by the suit.

Appellee filed its plea of privilege alleging itself to be a private corporation, incorporat-

ed under the laws of Texas, with its office and domicile and principal place of business at Athens, Henderson county, Tex. A controverting plea was filed by appellant which consisted of a demurrer attacking the plea of privilege on the ground that it disclosed and admitted appellee to be a private corporation, and on the ground that it did not specifically deny that the contract the breach of which was alleged by appellants was performable in Navarro County. The controverting plea also affirmatively alleged that the contract was made at Kerens, Navarro county, Tex., and was performable there since the corporate appellee contracted and agreed to deliver the goods and receive payment there, and by reiteration it was alleged that the contract was performable in whole or in part in Navarro county, Tex., for which reason, in connection with the fact that appellee is a private corporation, the plea of privilege ought not to be sustained.

To the controverting plea containing substantially what is above indicated, appellee, by supplemental pleading, denied the same and affirmatively alleged that the contract between the parties was in writing and signed by appellants, and that it specifically stated that same "is performable in Athens, Texas." And it was further alleged in reply to the controverting plea that the contract was subject to confirmation, and that appellee had never confirmed it.

By still another supplemental pleading appellants denied that the suit was based upon a written contract, and alleged that, on the contrary, the contract was a verbal one; the writing mentioned in appellee's supplemental pleading being merely a memorandum of the terms of the contract, and that it did not set them out completely and in full.

Upon the pleadings thus presenting the contentions the court heard evidence and sustained the plea of privilege and ordered that the cause be transferred to the district court of Henderson county.

W. D. Ray, one of the appellants, testified that the contract was made between him and a representative of appellee in Kerens, Navarro county, Tex. He testified that the parties contracted for the sale to plaintiffs of a car of flour, bran, chops, etc., which was to be delivered at Kerens f. o. b., and was to be paid for by draft attached to bill of lading drawn by appellee on appellants through the First National Bank of Kerens, Tex. He testified that he signed a memorandum slip of the trade at the time, and that he did not know that it contained certain provisions which appeared in it, one of which was that the order was subject to confirmation, and the other was the expression, "All contracts performable in Athens, Texas."

It appears that the order for the shipment was given January 22, 1920. On January 26, 1920, appellee wrote appellants the following letter:

"C. P. Ray & Co., Kerens, Texas—Gentleman: We have you booked with 1,200 sacks of flour from G. B. Smith Milling Company. We find that we are unable to ship cars from the Smith Milling Company to Kerens on account of them having an account there already. We are taking the liberty of booking for you instead a car of Arkadelphia Milling Company flour, which is Northern flour and is an excellent piece of goods in every respect, made from Missouri soft wheat and which is absolutely guaranteed in every respect. Messrs. Harwell & Clements, of Kerens, have the Smith account, and it is for this reason that we cannot make shipment. If this is not entirely satisfactory, kindly let us hear from you. Trusting that this will be perfectly satisfactory in every respect and thanking you for the business given us, we are," etc.

No reply to this letter appears to have been made by appellants.

The memorandum of the sale relied upon by appellee to make a contract performable in Athens, Tex., is in the following language:

"Original. Salesman, Anglin. Athens, Texas. 1—22—20. La Rue & Barron, Wholesale Heavy Groceries, Grain and Produce. Subject to confirmation by letter. Ship to C. P. Ray & Co. at Kerens, Texas. How ship, Cotton Belt. When, 15 days. Draft through First National Bank. Not subject to countermand. All contracts performable in Athens, Texas, and contingent upon strikes, fires, and delay of carriers. 1,000 48 Smith's Best, 12.80. 400 24 Smith's Best, 13.00. 150 sacks bran, 2.20. 50 sacks shorts, 2.85. [Signed] C. P. Ray & Co., by D. W. Ray."

It was not denied that the contract was made at Kerens. It was asserted in behalf of appellee that the order was never confirmed as provided by its terms.

The pleadings and the evidence being as substantially reflected by what we have said above, appellants insist that the trial court erred in its ruling and advance the proposition, in effect, that, the answer admitting that appellee is a private corporation, and the undisputed evidence showing that the contract sued upon was made in Navarro county, and that the goods alleged to have been sold under the allegations were to be delivered in Navarro county, the cause of action, or a part thereof, arose in that county, notwithstanding the fact that the memorandum of sale contained the printed expression, "All contracts performable in Athens, Texas," and that such expression did not confer exclusive venue on the district court of Henderson county.

[1] Whether or not it may be essential to a disposition of the question presented in this appeal, we believe it proper to say that, as the evidence stands, the provision in the writing, conceding it to be a written contract rather than an incomplete memorandum of

an oral contract, conclusively shows a confirmation of the transaction by appellee.

The writing indicates that it was subject to confirmation by letter. The letter of January 26, 1920, states that appellee has booked 1,200 sacks of flour for appellants, which its representative found could not be shipped for the reason stated in the letter, and that in such circumstances appellee was taking the liberty to book a different kind of flour, indicating that it would be shipped instead of the flour mentioned in the original order if not unsatisfactory to appellants; and, by using the expression, "If this is not entirely satisfactory, kindly let us hear from you," appellee clearly gave appellants to understand that, unless advices to the contrary were received, the shipment as changed would go forward. In other words, as we construe the letter, no answer to it was required unless the indicated change should be unsatisfactory to appellants. The terms of the letter exclude the idea that any reply was necessary if the indicated change should be satisfactory to appellants. Such being the case, there was ratification after alteration acquiesced in by appellants.

We are of the opinion that appellant's position should be sustained.

It is conceded that appellee is a private corporation. That fact thus being established, the terms of subdivision 24 of article 1830, Rev. Civ. Statutes, rule the issue presented by the appeal.

[2] The expression, "All contracts performable in Athens, Texas," etc., cannot be construed to the effect that it designates Athens as the place of exclusive venue. Garrett v. Hughes Grain Co., 208 S. W. 759. The other provisions of the contract negative the conclusion that the contract was to be wholly performed in Athens. Delivery in Kerens, Navarro county, it seems, was to be made, and the shipment there received by appellant. The provision of the writing for a draft, itself indefinite and ambiguous, is made definite by extraneous evidence fixing its meaning. In the light of the undisputed evidence reflecting its definite meaning, it requires that payment be made in Kerens upon presentation of the draft. These provisions are utterly incompatible with the quoted statement in the instrument that, whatever the terms of the particular contract of sale might be, yet the contract should be performable in Athens. This gen-eral expression, "All contracts performable in Athens, Texas," conceding the writing to be a contract, could not destroy its specific provisions for performance at Kerens, elsewhere in the contract expressly inserted.

[3] But there is no requirement to ascertain whether or not the writing is a contract containing a provision for exclusive venue in Athens, because in this case the venue is fixed by law, and under our Supreme Court decisions the right thus given by law cannot be bartered away by contract. Since the record shows appellee to be a private corporation, and also since it shows the cause of action to have arisen in Navarro county, these facts, under subdivision 24 of article 1830, fix the venue in Navarro county, so that appellant could choose the forum of suit either in that county or Henderson county. And, while the privilege thus specifically accorded by law, of course, might be waived, yet it could not be destroyed by appellant agreeing in advance to forfeit it. Rules of jurisdiction and of venue which have been established by statute cannot be abrogated by agreement of parties made for the purpose of controlling such matters in the event litigation between them should arise. This seems to be the view uniformly expressed by the courts of all the states in which the question has arisen. To recognize such contracts is against public policy. International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S. W. 631; Ins. Co. v. Morse, 20 Wall. 451, 22 L. Ed. 365.

In the case of International Travelers' Ass'n v. Branum, supra, the Supreme Court, disposing of a plea of privilege, say:

"We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses. Eaton v. International Travelers' Ass'n of Dallas, 136 S. W. 817. It follows that the stipulation for exclusive venue in Dallas county will not be enforced, and that the court did not err in overruling the plea asserting the privilege to be sued in that county alone."

It follows from the foregoing that the judgment of the trial court sustaining the plea of privilege was erroneous, and accordingly it is reversed, and the cause remanded, with instructions that it be heard and disposed of upon the merits.

Reversed and remanded.