### C. E. PATTERSON v. SMITH BROTHERS GRAIN COMPANY.

No. 3824.  Decided June 20, 1923.

(252 S. W., 1058.)

**Venue—Written Contract—Place of Performance.**

A written memorandum by a broker of sale of car loads of number three red oats by shipment from seller in Hunt County to buyer in Tarrant County, followed by such shipment on bill of lading to shipper's order, notify purchaser, with drafts attached for quantity as billed, constituted a written contract for delivery of same at such destination. The buyer could sue thereon in the county of his own residence for damage by shortage in weight and defect in quality. (Pp. 149-151).

Certified questions from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Smith Bros. Grain Co. sued Patterson, who plead privilege to be sued in the county of his residence. He appealed from a judgment for plaintiff, and the appellate court certified the question of venue to the Supreme Court. They referred the question certified to the Commission of Appeals, Section A, and here adopt the opinion of that body as their answer.

*R. M. Rowland* and *Glover C. Johnson,* for appellant, cited: Insurance Co. v. Harris, 94 Texas, 25; Quero Oil Mfg. Co. v. Feeders' Supply Co., 203 S. W., 79; Orthweins Sons v. Wichita Mill & Elevator Co., 75 S. W., 364; Robinson & Martin v. Houston & T. C. Ry. Co., 146 S. W., 537; McCullar v. Higginbotham, 118 S. W., 885; Bewley v. Schultz, 115 S. W., 294; Southwestern Grain & Seed

Co. v. Blumberg, 162 S. W., 1; Gottlieb v. Ainsworth, 229 S. W., 341; Lee v. Gilchrist Cotton Oil Co., 215 S. W., 977. Counsel also cited and distinguished various cases cited by appellee.

*Smith & Smith,* for appellees, cited and discussed: Seley v. Williams, 50 S. W., 399; Callender v. Short, 78 S. W., 366; Harris v. Salvato, 175 S. W., 802; Gottlieb v. Dismukes, 230 S. W., 792; Pittman and Harrison v. Sanders, 234 S. W., 412; Landa v. Ainsa, 231 S. W., 175; Floresville Mfg. Co. v. Tex. Ref. Co., 118 S. W., 194; Peoples Ice Mfg. Co. v. Int. Cot. Oil Co., 182 S. W., 1163; Heidenheimer v. Alexander, et al., 205 S. W., 458; 35 Cyc., 174.

MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals.

This case is before us on a certificate from the Honorable Court of Civil Appeals for the Second Supreme Judicial District. The facts recited are taken from said certificate. The parties are designated as in the trial court.

Smith Brothers Grain Company, a partnership, brought suit in the District Court of Tarrant County, Texas, against C. E. Patterson to recover damages in the sum of $1050.00 because of an alleged shortage in weight and variance in grades of four cars of oats purchased by said plaintiffs from said defendant through W. H. Finley, a broker doing business in Dallas.

The negotiations leading up to the sale of the oats in question were conducted over the telephone and resulted in the plaintiffs giving to said broker a limit price that they were willing to pay for such oats. Said broker then prepared and sent to plaintiffs the following communication:—

"Dallas Texas, July 14, 1920.

Smith Brothers Grain Company,
Fort Worth, Texas.
Gentlemen:

This will confirm sale to you to-day, four cars number three red oats, sacked in even weight new bags at 87½ f. o. b. Texas Common Points, flat billing shipment this week to you at Fort Worth, destination, weights and grades.

I thank you for this business.

Yours very truly,

W. H. Finley.

For the account of C. E. Patterson, Celeste, Texas."

The authority of said broker to make such sale is not questioned and both plaintiffs and defendant acted on said confirmation. In pursuance of the same, defendant loaded said oats on cars at Celeste in Hunt County, "a Texas Common Point," as stipulated therein and

drew drafts on plaintiffs at Fort Worth, Texas, for each car and attached to each draft a bill of lading issued by the carrier for a car of oats.   These bills of lading were issued to C. E. Patterson, Celeste, Texas, for transportation of said car of oats to Fort Worth, Texas, to shipper's order, notify Smith Brothers Grain Company. They were each signed by defendant and indorsed by him.   Said drafts were all in like form and terms, varying only in the respective amounts named therein.   One of said drafts was as follows:—

"On demand pay to the order of Celeste State Bank the sum of $1575.00, value received, and charge the same to the account of C. E. Patterson."

Plaintiffs paid the drafts and received the bills of lading.   They presented the same to the carrier and received the contents of said cars, which were short in weight and inferior in quality as alleged by them.   No details of the contract except as disclosed by said confirmation were shown.

The defendant in due time and in proper form presented a plea of privilege asserting his right to be sued in Hunt County, Texas, where he resided.   Plaintiffs contested said plea of privilege on the ground that said confirmation, together with said drafts and bills of lading, constituted a written contract to be performed in whole or in part in Fort Worth, Tarrant County, Texas, within the meaning of our venue statutes.   The trial court overruled said plea of privilege and the defendant appealed.

Based on the facts so stated, the Court of Civil Appeals has certified for answer the following questions:—

1. Whether, under the facts stated, the plaintiffs, Smith Brothers Grain Company, sufficiently prove a contract on the part of the defendant Patterson to perform an obligation in Tarrant County?

2. Whether the drafts and bills of lading, under the circumstances stated, establish such an obligation?

3. Whether the trial court erred in overruling the defendant's plea of privilege?

Article 1830 of the Revised Statutes provides that no person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in certain specified cases set out in separate sub-divisions of said article, the fifth of said subdivisions being as follows:—

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in said county or where the defendant has his domicile."

Seley & Early v. Williams, 20 Texas Civ. App., 405, 50 S. W., 399, by the Court of Civil Appeals for the First District is an early and frequently cited case.   The buyer, Williams, resided at Columbus, Colorado County.   Seley & Early were grain dealers at Waco in McLennan County.   After receiving an offer from Seley & Early to

sell corn at a stipulated price. Williams wired them to ship five cars. They drew five drafts on him at Columbus, each directing him "on arrival of car" to pay to the order of the Waco State Bank the sum stipulated therein. They attached to each draft a bill of lading for a car of corn, freight prepaid, consigned to shipper's order, Columbus, Texas, notify Seley & Early. Each bill of lading was duly indorsed by them. Each draft specified in its face that the amount paid was to be charged to account "car corn" giving the number of the car as shown by the bill of lading attached thereto. The drafts were duly indorsed by the Waco State Bank and presented to Williams who paid the same and received the several cars of corn covered by said bills of lading. Suit was filed by Williams in Colorado County to recover damages alleging that the quality of the corn received was inferior to the quality contracted for. Seley & Early pleaded their privilege to be sued in McLennan County where they resided. The issue raised by said plea was the only one involved in the appeal. The court held that the bills of lading and drafts with their indorsements taken together constituted a written contract obligating Seley & Early upon payment of said drafts to deliver to Williams in Columbus the corn called for by said bills of lading.

The recent case of Scott & Mayhall, appellants, v. Lubbock Grain & Coal Co., appellee, 113 Texas, 127, 252 S. W., 164, involved a sale of certain cane seed by appellants who resided at Hereford in Deaf Smith County to appellee at Lubbock in Lubbock County. Appellee wrote and signed a confirmation of the sale addressed to appellants who accepted and also signed the same. Said confirmation was as follows:—

"We confirm purchase from you of about 80,000 pounds of good, average county run red top cane seed, equal to sample submitted, and about 10,000 pounds of Japanese seed, ribbon cane, at $10.25 per 100 pounds, f. o. b. Hereford, Texas, sacked in good, second hand sacks, destination weight guaranteed. Shipment as soon as possible within ten days. Unless instructed, bill to us at Lubbock, loading in two cars. Send draft with B/L attached, to Lubbock State Bank."

Appellants delivered the cane seed to a common carrier and received a bill of lading showing that the same was shipped by them consigned to their order at Lubbock, notify Lubbock Grain & Coal Co. They then drew a draft on appellee at Lubbock for the amount due for said seed and attached thereto the said bill of lading and an invoice showing sale of said seed to appellee at Lubbock giving weight and price of same and stating that the terms were: "Cash sight draft B/L attached." Appellee paid the draft and received the seed which proved to be short of the weight invoiced and paid for. Appellee sued in Lubbock County to recover for the shortage at the price stipulated in the confirmation and recited in said invoice. Appellants

pleaded their privilege to be sued in the county of their residence. Appellee contested their plea on the ground that they had contracted in writing to guarantee the destination weights at Lubbock and that the contract was performable in Lubbock County. The trial court overruled the plea of privilege and appellants carried the case to the Court of Civil Appeals for the Seventh Supreme Judicial District. That court certified the case to the Supreme Court. The only issue presented by the certificate was whether said ruling of the trial court was correct. The case was referred to Section B of this Commission. The opinion of that court was written by Presiding Judge McClendon and adopted by the Supreme Court. We quote from said opinion as follows

"We think the contract is not susceptible of other construction than that the seller guaranteed that the weights shown upon delivery of destination should furnish the standard for his performance of the contract. Should contract could not be fully performed except at destination. The seller could not relieve himself from liability under his contract for a shortage in weight at destination by a showing that he delivered to the carrier the quantity (by weight) of cane seed for which the contract called; and this, regardless of the cause of such shortage. Independently of the question of ownership of the seed, there was unquestionably a contract in writing by which the seller guaranteed that he would deliver or that he would be responsible for the carrier's delivering at Lubbock the quantity of seed (by weight) specified in the contract."

The authorities above cited and reviewed furnish the proper solution of the issue presented by the certificate under consideration in this case. The language used to express the shipper's agreement in the confirmation in this case is slightly different from the language of the confirmation in the case last cited, but we do not think such difference material. Defendant tendered compliance with the provisions of said confirmation by consigning the oats to his own order at Fort Worth with directions to notify plaintiff and attached the bills of lading to his draft. Plaintiff paid the drafts and accepted the manner of shipment as complying in substance at least with the obligation imposed by the terms of the confirmation.

Our answer to the first question certified renders answers to the second and third questions unnecessary. We answer said first question a follows:

1. Under the facts stated, the plaintiffs, Smith Brothers Grain Company sufficiently proved a contract in writing on the part of defendant, Patterson, to perform an obligation in Tarrant County.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,*
Chief Justice.