## SEALY OIL MILL & MFG. CO. v. BARONIAN. (No. 8735.)

(Court of Civil Appeals of Texas. Galveston. Dec. 9, 1925. Appellee's Rehearing Denied Jan. 7, 1926. Appellant's Rehearing Denied Jan. 14, 1926.)

1. Sales ⬉80—Sale "f. o. b." at seller's station held not to fix place of payment there.

In action on contract for sale of cotton seed, terms "f. o. b. cars at Brookshire Station," *held* not to fix place of payment there, but merely to fix price by signifying delivery without charge for drayage or other expenses previous to loading.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, F. O. B.]

2. Venue ⬉7—Transfer of cause to county of defendant seller's residence held error.

In action against defendant seller, arising out of contract for sale of cotton seed, which provided weights and quality were guaranteed at destination, and all amounts and adjustments payable there, *held* transferring cause from there to county of defendant's residence on his plea of privilege to be sued there was error.

Appeal from Austin County Court; W. I. Hill, Judge.

Action by the Sealy Oil Mill & Manufacturing Company against G. G. Baronian, in which defendant filed his plea of privilege to be sued in the county of his residence. From a judgment transferring the cause, plaintiff appeals. Reversed and rendered.

Krueger & Duncan, of Bellville, for appellant.

Maurice Hirsch & Allen Hannay, of Houston, and J. E. Edmondson, of Bellville, for appellee.

GRAVES, J. The oil mill company sued Baronian in the county court of Austin county to recover the $500 cash payment it had

made him under the following contract, which it alleged he had breached in neither shipping it at Sealy, Tex., the cotton seed therein called for during the month of November, 1923, nor in returning on its demand the $500:

"No. 106.

"Sealy Oil Mill & Manufacturing Company,
Sealy, Texas

"Confirmation of Purchase of Cotton Seed.

"Sealy, Texas, Nov. 7–1923.

"M—— G. G. Baronian, Brookshire, Tex.: We beg to confirm our purchase from you as follows:

"Quantity: 3 to 4 (cars—tons) sound, dry and clean cotton seed.

"Price: At $48.00 per ton of 2,000 pounds each, f. o. b. cars at Brookshire Station.

"Shipment: November.

"Amount of payment down: $500.

"Terms: Net cash. Weights and quality guaranteed at destination. All amounts and adjustments due under this contract shall be made, and are payable at Sealy, Tex.

"This contract is in accordance with our understanding of the transaction, and, if same is not correct, you will advise us on receipt.

"Trusting same will prove satisfactory, and awaiting a continuation of your favors, we are,

"Yours very truly,

"Sealy Oil Mill & Mfg. Company,
"By Chas. Engelking.

"Accepted: G. G. Baronian.

"Please sign and return to us promptly."

The defendant duly filed his plea of privilege to be sued in the county of his residence, Waller county, which the trial court, after the same had been controverted by the plaintiff, through the method of an instruction to the jury to so find, sustained by a judgment transferring the cause to Waller county for trial. The Oil Mill Company appeals, assigning that action as error.

[1] We sustain the contention, reverse the judgment, and here enter a decree overruling the plea of privilege; there is, we think, nothing better settled under our law than that the term, "f. o. b. cars at Brookshire Station," in manner and form as used in this contract, does not fix the place of payment at that place, which is in Waller county, but merely fixes the price by signifying "a delivery without charge for drayage or other expenses previous to loading." Heid Bros. v. Reisto (Tex. Civ. App.) 247 S. W. 349, writ of error denied.

[2] Furthermore, the provision that "weights and quality guaranteed at destination, all amounts and adjustments due under this contract shall be made and are payable at Sealy, Texas," so plainly bound the appellee to answer at the latter point, which is in the county of the suit, for any such default under the contract as he was here charged with, that it is difficult to see how it could be otherwise construed. As concerns the ap-

pellant's rights, the evident purpose of the parties was to assure to it as the purchaser, not only that it would get at Sealy, according to the means there existing for determining those matters, just the weights and quality of seed it ordered, but also that it would not have to go elsewhere to collect for any amounts or adjustments that might become due to it under the contract. Correlatively, of course, a like privilege inured thereunder to the appellee; that is, when he placed at Sealy, according to the facilities there obtaining, the weights and quality of seed he had agreed to, he could require payment there for every default upon the purchaser's part.

Reversed and rendered.