## SEALY OIL MILL & MFG. CO. v. BARRONIAN. (No. 8752.)

(Court of Civil Appeals of Texas. Galveston. Jan. 20, 1926. Rehearing Denied Feb. 25, 1926.)

1. Corporations ⊖═503(1)—Action for breach of contract, made by corporation outside county of its domicile, can be brought in county where contract was made (Rev. St. 1911, art. 1830, subd. 24).

Action for breach of contract, made by corporation outside county of its domicile, can be brought in county where contract was made, since cause of action growing out of breach of contract arises in part in county where it was made regardless of where breach occurred, in view of Rev. St. 1911, art. 1830, subd. 24.

2. Corporations ⊖═503(1).

Party having option to sue corporation in either of two counties may not by binding agreement barter it away in advance.

Appeal from District Court, Waller County; J. D. Harvey, Judge.

Action by G. G. Barronian against the Sealy Oil Mill & Manufacturing Company. From an order overruling defendant's plea of privilege, it appeals. Affirmed.

Krueger & Duncan, of Bellville, for appellant.

J. E. Edmondson, of Bellville, and Maurice Hirsch & Allen Hannay, of Houston, for appellee.

GRAVES, J. This statement of the case, which the appellee admits to be substantially correct, is taken from appellant's brief:

"The appellee filed this suit in the district court of Waller county, Tex., against the appellant on the 3d day of April, A. D. 1924, seeking to recover damages in the sum of $1,528.50 for an alleged breach of a written contract bearing date November 7, A. D. 1923.

"The appellee alleged in his petition that on or about the 20th day of October, A. D. 1923, in Waller county, Tex., appellee contracted to sell to appellant, and appellant contracted to purchase of and from appellee, and did purchase of and from appellee, 50 tons of cotton seed at $39 per ton, f. o. b. appellee's seed house, near Pattison, in Waller county, Tex., and agreed to pay for same in Waller county, Tex.

"Appellee further alleged that, in accordance with said contract, the appellant did receive, f. o. b. appellee's seed house, 20 tons of cotton seed, and paid appellee for same at said agreed price of $39 per ton; that, after receiving and paying for said 20 tons of cotton seed, as agreed, defendant refused to further proceed in carrying out said contract of October 20, 1923, thereby violating said contract; that appellee subsequently sold said cotton seed on the market for the best price obtainable, and did realize and receive for said seed the sum of $29.65 per ton gross, but the appellee was forced to spend $4 per ton, or $120, in order to load said 30 tons of seed f. o. b. cars at Brookshire, Tex.,

thereby making a total loss to appellee, because of the wrongful refusal of appellant to carry out said contract, in the sum of $450 for which he sues.

"The appellee further alleged that on or about the 7th day of November, A. D. 1923, in Waller county, Tex., appellee contracted to sell to appellant, and appellant contracted to purchase of and from appellee, and did purchase of and from appellee, all the cotton seed purchased by appellant for the cotton season of 1923, to wit, about three to four carloads at a price of $48 per ton, of 2,000 pounds each, f. o. b. cars at Brookshire Station, in Waller county, Tex.; that at the time of the purchase appellant paid down the sum of $500; that afterwards the contract was amended by appellant agreeing to pay the sum of $50 per ton instead of $48 per ton, as originally agreed upon; that appellee has been ready and willing to comply with his part of the contract and deliver the cotton seed sold to appellant, and on January 31, 1924, the appellee notified the appellant in writing that he, the said appellee, was ready, able and willing to deliver the said cotton seed sold to appellant in accordance with the terms of said contract, and offered to deliver same to said appellant, and at the same time and in the same letter appellee demanded of appellant the acceptance of 110 tons of cotton seed f. o. b. cars at Brookshire, Tex., and demanded payment of same as provided for in said contract as originally made and later amended, to wit, $50 per ton; that appellee, after waiting a reasonable time and not hearing from appellant, or receiving any instructions from appellant with reference to the disposition of said cotton seed, on or about the 13th day of February, 1924, sold said seed on the open market for the best price obtainable, and did realize and receive for said seed the sum of $29.65 per ton, and same being $20.35 less per ton than appellant had contracted to pay for same, making a total loss to appellee because of the refusal of appellant to carry out his said contract of date November 7, 1923, in the sum of $1,628.00, less $500 heretofore received by appellee, as above mentioned.

"The appellee prayed for judgment against appellant in the sum of $1,528.50, and costs of suit.

"On the 4th day of October, A. D. 1924, the appellant filed his plea of personal privilege, praying that the cause be transferred to the district court of Austin county, Tex. Said plea was in accordance with the statutes.

"On the 29th day of October, A. D. 1924, the appellee filed a controverting affidavit. The appellant on said day and date filed its first supplemental answer to appellee's controverting affidavit.

"The court, after hearing the plea of privilege and the controverting affidavit and the testimony adduced, overruled the plea of privilege, and refused to transfer the cause to the district court of Austin county, Tex., to which action of the court appellant then and there, in open court, excepted and gave notice of appeal."

In substance, the appellee's controverting affidavit alleged that appellant was a private corporation under the laws of Texas, that the cause of action or a part thereof arose in Waller county, that the contract sued upon was breached in that county, that it had been accepted, executed, and delivered there, and that all things necessary to be done by the appellee were to be done and performed in that county; wherefore, the venue of the suit against appellant was fixed in that county under subdivision 24 of R. S. art. 1830.

[1] As against appellant's contention that its plea of privilege should have been sustained and the cause transferred for trial upon its merits to Austin county, we agree with the trial court that venue was properly laid in Waller county, and affirm the judgment so holding.

The court found that appellant is a private corporation with its domicile in Austin county, and that the written contract in suit of November 7, 1923, "was made, entered into, and executed by both parties in Waller county, Tex.," stating also a further finding to the effect that it was breached there by the appellant. The fact that appellant is such a corporation is conceded, and, while there is a contention that the evidence did not sustain the finding that the contract was entered into in Waller county, it cannot be sustained, since the appellee not only directly testified that such was the case, but the writing itself shows that it was to be accepted by him, and this he swore occurred at his office there.

Irrespective of the further question of where and by whom the breach was effected, we think, under the two findings thus made on sufficient evidence, the cause of action sued upon, or a part thereof, arose in Waller county. It has been the uniform holding of our appellate courts, in construing subdivision 24 of article 1830, that a cause of action growing out of a breach of contract arises in part in the county where it was made, although the breach thereof may wholly occur in a different county. Mangum v. Milling Co. (Tex. Civ. App.) 95 S. W. 605; Irr. Co. v. Const. Co. (Tex. Civ. App.) 230 S. W. 1057. That being true, and appellant being a private corporation, the case is brought within the purview of that exception, and it specifically conferred upon the appellee the option of bringing the action either in Waller county, where the contract was made, or in Austin county, where the principal office of the corporation was situated.

[2] In such circumstances, it seems to make no difference that the contract sued upon may also contain stipulations binding the parties to answer any obligations under it in a different county, which we held to be the effect of this same contract in another suit upon it (No. 8735, Sealy Oil Mill & Mfg. Co., Appellant, v. G. G. Baronian, Appellee, 279 S. W. 303, opinion filed December 9, 1925), as the courts hold that, while the party having such option under the law may at the time for its exercise waive the privilege in a particular instance, he may not by a binding agreement barter it away in ad-

vance; both the Supreme Court of the United States and our own Supreme Court hold such stipulations to be against public policy and unenforceable. Insurance Co. v. Morse, 20 Wall. 451, 22 L. Ed. 365; Int. Travelers' Ass'n v. Branum, 212 S. W. 631, 109 Tex. 543. See, also, Ray & Co. v. La Rue et al. (Tex. Civ. App.) 237 S. W. 336; Eaton v. I. T. Ass'n (Tex. Civ. App.) 136 S. W. 817; and I. T. Ass'n v. Powell, 212 S. W. 931, 109 Tex. 550.

Under our finding upon that matter, appellant's objection to appellee's testimony as to where the contract was entered into is untenable.

Pursuant to these conclusions, the judgment of the trial court has been affirmed.

Affirmed.