## SHANNON v. BRIDGEPORT BRICK CO.
### (No. 11411.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 20, 1926.)

1. **Pleading** ⊂⇒45—**Allegation that plaintiff's place of business was "at Bridgeport, Wise county, Texas," held to sufficiently allege that Bridgeport was situated in Wise county.**

Statement in petition that plaintiff's place of business was "at Bridgeport, Wise county, Texas," *held* to sufficiently allege that Bridgeport was situated in Wise county.

2. **Pleading** 111—**Buyer, suing on written contract which was to be performed in whole or in part in county of plaintiff's domicile, must rely solely on writing itself.**

Where buyer, suing seller who lived in another county, relied on writing showing that contract of sale was to be performed in whole or in part in county of plaintiff's domicile, reliance must be had solely on writing itself, and no parol testimony is admissible to enlarge or vary written contract.

3. **Venue** ⊂⇒7—**Where buyer's telephone order for oil was confirmed in writing, and inferior oil was shipped, his cause of action was on written contract, but implied contract to furnish particular quality was part thereof.**

Where, after brick manufacturer ordered fuel oil by telephone from one who knew grade of oil required, latter confirmed contract in writing and shipped inferior oil, any cause of action that buyer might have arose out of written contract, but implied contract to furnish oil of particular quality was part thereof, as respected venue.

4. **Venue** ⊂⇒7—**When venue of action on written contract of sale of fuel oil in county of buyer's residence, venue of suit for breach of implied covenant as to quality was in that county.**

If venue of action on written contract for sale of oil was in county of buyer's residence, venue of suit for damages for breach of implied covenant to furnish particular grade of oil was in that county.

5. **Venue** ⊂⇒7—**As to venue, contract made orally over telephone may constitute written contract when confirmed in writing and accepted.**

As respects venue, contract made orally over telephone, confirmed in writing by party sought to be charged, and accepted by the other party, may constitute contract in writing.

6. **Venue** ⊂⇒7—**Sale of oil consigned to buyer, with draft attached to bill of lading, held contract to be performed at buyer's residence.**

Sale of fuel oil consigned to buyer living in another county, with draft to cover all charges

attached to bill of lading, *held* contract to be performed in county of buyer's residence.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by the Bridgeport Brick Company against M. B. Shannon. Defendant's plea of privilege was overruled, and he appeals. Affirmed.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellant.

M. W. Burch and H. E. Lobdell, both of Decatur, for appellee.

BUCK, J. The Bridgeport Brick Company, hereinafter called plaintiff or appellee, filed suit in the district court of Wise county against M. B. Shannon, hereinafter called defendant or appellant, alleging that on or about February 4, 1924, plaintiff was engaged in the business of manufacturing brick and tile to be used for building purposes; that all of the necessary machinery in said plant was operated by steam power from a boiler equipped with an oil burner; that it was necessary to have fuel oil that would give a uniform and high degree of heat, in order to burn the bricks in the kiln; that a discontinuance of heat under said boiler caused damage to and loss of the brick in the kiln; that on said February 4th plaintiff entered into a written contract with the defendant, whereby defendant bound himself to deliver to plaintiff at Bridgeport one certain car of fuel oil to be used by plaintiff in furnishing fuel to said boiler and to furnish heat to said drying process and burning kilns in which said brick and tile were burned; that said defendant knew at the time of the purchase that said oil was purchased for said purposes and was familiar with the grade and character of oil that was necessary to be used for said purposes and knew that the business of the plaintiff required an oil that would burn and make an intense and continuous heat under said boiler; that, when the oil was delivered at Bridgeport and attempted to be used, it proved to be of an inferior grade and quality, and to be entirely worthless and unfit for the purpose of heating the boiler, and that it would not burn and give a continuous and necessary heat required for burning the brick in the kiln; that, by the attempted use of said oil so furnished, plaintiff was damaged in the loss of a large number of the brick, etc.; that the defendant was a man of large experience in the use and handling of fuel oil in brick plants to furnish steam heat for drying and burning brick; that plaintiff had no knowledge of the inferior quality of said oil so furnished until it had started its machinery and started the drying and burning process of 700,000 brick, but that it relied upon said defendant to ship and furnish it with a fuel that was competent of furnishing a proper heat for steam and for burning and drying of said brick.

The defendant filed its plea of privilege to be sued in Dallas county, the county of his residence. In plaintiff's controverting affidavit to said plea it set up the facts contained in its petition, and heretofore set out, and further pleaded that defendant was familiar with the business in which plaintiff was engaged and knew the kind of oil needed and that plaintiff purchased and defendant agreed in writing to furnish and deliver said kind of oil to plaintiff, but did in fact deliver to it a grade and character of fuel oil that was wholly worthless. The plea of privilege was overruled and the defendant has appealed.

The evidence shows that plaintiff's vice president and general manager, J. F. Lillard, ordered fuel oil from defendant over the long-distance telephone; that defendant sent him the following confirmation of sale and purchase:

"M. B. Shannon, Fuel Service,
"1310 Magnolia Building.
"No. C-1634.
"Dallas, Texas, February 4, 1924.
"Confirmation of Sale to Bridgeport Brick Co., Bridgeport, Texas.
"Ship to Bridgeport Brick Co. Destination, Bridgeport, Texas. Routing:———. Shipment as below.
"Terms: Cash net, f. o. b. Brigeport, Texas.

| Quantity. | Description. | Price. |
|---|---|---|
| 6 cars | Fuel oil | $1.75 per barrel |

2 cars to be shipped this week.
2 cars to be shipped week of Feb. 14th.
2 cars to be shipped week of Feb. 18th.
"This confirms phone order Mr. Lillard to Mr. Shannon to-day. Many thanks.

"M. B. Shannon,
"By K———.

"Accepted:
"—————, by ———.
"All contracts are contingent upon delays, strikes, or any other unavoidable conditions beyond our control. Where sight draft terms are specified, failure to pay draft when presented shall make all obligations hereunder due and payable at Dallas, Texas; also, where payment other than sight draft is specified, the same shall be due and payable at Dallas, Texas."

There was introduced in evidence the following invoice:
"Fuel Oil. M. B. Shannon, Invoice No. 2800.
"Gas Oil. Fuel Service,
"Distillate. 1310 Magnolia Building.
"Dallas, Texas, February 14, 1924.
"Sold to Bridgeport Brick Co.; address, Bridgeport, Texas. Shipped to Bridgeport, Texas. Shipped from Harrys, 2/11, via T. & P.—Dallas—R. I. Your order No. ——. f. o. b. Bridgeport.

| Car | | Descrip-tion. | Shell Cap'y. | Dome. | Temperature. | | Net Gals. | Net Bbls. | Price. | Amount. |
|---|---|---|---|---|---|---|---|---|---|---|
| Init. | No. | | | | Deg. | Gals. | | | | |
| STCX | 8088 | Fuel oil | 8082 | 88 | 107 | 192 | 7978 | 189.95 | $1.75 | $332.41 |
| | | "Less freight, 59,807 lbs. @ 13¢ per cwt. | | | | | | | | 77.75 |
| | | | | | | | | | | $254.66 |

"Original B/L attached to draft.

"Empty tank to be returned to the Clayton Oil & Refining Co., Harrys, via reverse route per forms attached.

"Notice.—A charge of $5.00 per day will be assessed on all cars held 48 hours after time placed for unloading until billed back empty. In case of outage or other irregularities, wire this office for unloading authority. Claims must be supported by sworn statement of party unloading, showing seal numbers, conditions of seals, temperature of oil, number of inches outage, also freight bill properly indorsed by railroad agent, verifying condition of shipment also bill of lading. Claims must be filed promptly. No claims will be recognized that do not comply with these instructions. Not responsible for goods after unloaded in purchaser's storage tanks. Positively no deductions from this invoice allowed without authority from this office before unloading."

The freight bill reads as follows:

"Freight Bill (Form 19T. W.)

"Bridgeport, Texas, Station, Feb. 15, 1924.

"Consignee: Bridgeport Brick Company. Destination: ———. Freight bill No. 1097. Route: T & P—Dallas—R. I. (Point of origin to destination.) Date of arrival: ———.

"To the Chicago, Rock Island & Pacific Railway Company, Dr., for charges on articles transported.

paid the draft a day or so later by a check drawn on a Bridgeport bank. The draft read as follows:

"Cash Item. No Protest.

"The American Exchange National Bank of Dallas.

"Dallas, Texas, February 14, 1924.

"STCX 8088—Fuel oil from Harrys, February 11th, invoice No. 2800.

"Pay to the order of the American Exchange National Bank $254.66, two hundred fifty-four and 66/100 dollars, with exchange, value received, and charge same to account of

"[Signed] M. B. Shannon.

"To Bridgeport Brick Company, Bridgeport, Texas."

In red: "190883."

Which said draft on the back had the following indorsement:

"Pay to the order of any bank, banker, or trust company. All prior indorsements guaranteed.

"530 American Exchange National Bank 530
"D      of Dallas, Texas,      D."

Which was obliterated and underneath same the following words:

"Indorsement canceled."

| Waybilled from Harrys, Texas. | Waybill and No. 2-11-24, T-185 | Full name of Shipper. | Car Initials and No. |
|---|---|---|---|
| Point and Date of Shipment. | Connecting Line Reference | Clayton O. Refg. Co. | STCX—8088 |
| | | Previous waybill reference | Original Car Initials and No. |
| Number of Packages. | Articles and Marks | Weight   Rate | Freight Total Advances |
| 8082 Gals. Fuel Oil | 59,907 | 13    77.75 | 77.75 |
| Total prepaid: $———. | | | |

February 16, 1924. Total........................ 77.75

"Received payment.
"W. S. Barnes, Agent.
"C. E. Smith, Cashier.

"For use at junction points on freight subject to connecting line settlement. Checks should be made payable to the Chicago, Rock Island & Pacific Railway Company."

The evidence further shows that defendant drew a draft for the price of the oil and attached it to the bill of lading, but that the shipment was "released" and that plaintiff

The bill of lading is as follows:

"Original.

"(Uniform Domestic Straight Bill of Lading Adopted by Carriers in Official, Southern and Western Classification Territories, March 15, 1922.)

"Prescribed by the Interstate Commerce Commission.)

"Uniform Straight Bill of Lading—Original—Not Negotiable.

Harrys, Texas, 2/11/1924,

"Received, subject to the classification and tariffs in effect on the date of the issue of this

bill of lading, at Harrys, Texas, from Clayton Oil & Refining Company. Texas & Pacific Railway Company. Agent's No.————. Shipper's No. 1257, the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned, and destined as indicated below, which said company (the word company being understood throughout this contract as meaning any person or corporation in possession of the property under contract) agrees to carry to its usual place of delivery at said destination, if on its own road or its own water line; otherwise, to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route, to destination and as to each party *at any time interested in all or any of said property,* that every service to be performed hereunder shall be subject to all the conditions not prohibited by law, whether ·printed or written, herein contained, including the conditions on back hereof, which are hereby agreed to by the shipper and accepted for himself and his assigns.

"Mail or street address of consignee—for purposes of notification only.

"Consigned to Bridgeport Brick Co.

"Destination: Bridgeport, Texas, State of ————. County of ————.

"Route: TP. Dallas Rock Island.

"Car Initial: STCX. Car No. 8088.

"Delivering Carrier ·

| No. Pkgs. | Description of articles, special marks and exceptions. | Weight (Sub. to Cor.). | Class of Rate. | Ck. Col. |
|---|---|---|---|---|
| 1TC | Fuel oil | 6082 gals. | | |

"If this shipment is to be delivered to the consignor without recourse on the consignor, the consignor shall sign the following statement: That carrier shall not make delivery of this shipment without payment of freight and all other lawful charges (see sec. 7 of conditions.

"Clayton Oil & Refining Co., per JRR.

"If charges are to be prepaid, write or stamp here: 'To be prepaid.'

"Collect.

"Received % ———— to apply in prepayment of the charges on the property described hereon. ————, Agent· or Cashier,

"Per ————.

"(The signature here acknowledges only the amount prepaid.)

"Charges advanced, $————.

"If the shipment moved between two points by a carrier by water, the law requires that the bill of lading shall state whether it is 'carrier's or shipper's weight.'

"Note.—Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

"The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding ————.

·"Clayton Oil & Refining Co., Shipper,

"Per JRR, Agent, per ————."

And to said bill of lading was attached the following rider slip:

"Important.—If reconsigned, observe loaded route of empty tank returned. Notifying Clayton Oil & Refining Co., Dallas, Texas."

If it be necessary to call attention to other evidence, we will do so in the course of the opinion.

[1] We will dispose of some questions presented before we begin the discussion of the main question involved. Appellant urges that plaintiff does not allege in its petition that Bridgeport is situated in Wise county. In its petition it alleged that the principal place of business of the plaintiff is "at Bridgeport, Wise county, Texas." The suit was filed in the district court of Wise county. Plaintiff's controverting affidavit contains the same allegation as to the location of its brick plant. We think there is no merit in the question presented.

[2] The question is also raised that, inasmuch as the confirmation and the bill of lading and the invoice all fail to specify the grade and character of oil shipped or to be shipped, and in none of the writings shown in evidence is there any description of the character and grade of oil, the only ground upon which plaintiff has a cause of action against defendant is by reason of the implied covenant of defendant, based on prior dealings between the plaintiff and the defendant, and defendant's knowledge of the kind of oil required by plaintiff, to furnish the grade and character of oil claimed by plaintiff, and that, in order to establish venue in a county other than that of defendant's domicile, the exception must be clearly shown; and where, as in this case, plaintiff relies on a writing showing that the contract in part or in whole was to be performed in some other county than that of defendant's domicile, reliance must be had solely on the writing itself, and no parol testimony is admissible to enlarge or vary the contract expressed in writing. Cohen v. Munson, 59 Tex. 237; Mahom v. Cotton, 35 S. W. 869, 13 Tex. Civ. App. 239; Border Milling Co. v. Bednarz & Billimek (Tex. Civ. App.) 254 S. W. 587; Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 560; Sidebottom v. Juliff (Tex. Civ. App.) 259 S. W. 235. We appreciate fully the existence of the rule invoked as indicated by the authories cited. We are further aware that there are a number of cases which hold that an implied promise to perform the contract in part or in whole in a county other than that of defendant's residence does not establish venue in such county. We further recognize the existence of decisions that the expression in the confirmation, under the title "Routing f. o. b. Bridgeport, Texas," does not necessarily mean that the delivery is to be made by the shipper at Bridgeport. In Partin & Fugate v. Hawkins, 257 S. W. 571, the Galveston Court of Civil Appeals says:

"It is, we think, perfectly plain from the contract as a whole that the f. o. b. provision does not determine the place· of final performance,

but only means that the purchasers would pay the freight charges from Waxahachie to Houston. Heid Bros. v. Reisto (Tex. Civ. App.) 247 S. W. 349; Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 793."

[3, 4] There are many authorities to the same effect, but we think that, if plaintiff has any cause of action, it arises out of and by reason of the contract in writing; that the implied covenant to furnish oil of a particular quality and grade is a part of the written contract; that, if the plaintiff is shown to have established venue in Wise county for any purpose with reference to this contract, the Wise county court has venue of a suit for damages by reason of the breach of this implied covenant.

[5, 6] We come now to the main question; that is, Does the written confirmation, or the invoice, or the bill of lading, accompanied by a draft covering the price of the shipment, constitute a writing obligating the defendant to perform a part of his contract in Wise county? That a contract made first orally or over the telephone, and confirmed in writing by the party sought to be charged, and accepted by the other party, may constitute a contract in writing, is well settled. Gottlieb v. Ainsworth (Tex. Civ. App.) 229 S. W. 341; People's Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co. (Tex. Civ. App.) 182 S. W. 1163, writ of error denied. It is also sustained by authority that a contract in writing to perform an obligation in the county of plaintiff's residence is sustained where a seller ships with draft attached to the bill of lading obligating delivery or possession there. People's Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co., supra. The bill of lading shows that the shipment was consigned to the Bridgeport Brick Company, at Bridgeport, Tex., and a draft was attached thereto to cover all charges. We conclude that the last-cited case, in which, as before stated, a writ of error was denied by the Supreme Court, settles the question of venue in this case.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.