**FARMERS' SEED & GIN CO., Inc., v. BROOKS.**

No. 884.

Court of Civil Appeals of Texas. Eastland.
Sept. 18, 1931.

Rehearing Denied May 31, 1935.

Moore & Moore, of Paris, for appellant.

Carl Rountree and Philip Yonge, both of Lamesa, for appellee.

LESLIE, Justice.

This is an appeal by the Farmers' Seed & Gin Company, Inc., from the judgment of the district court of Dawson county, Tex., overruling and denying the defendant's plea of privilege to be sued in Lamar county, Tex., the county of its domicile. The plaintiff had filed his controverting affidavit in due form, and defendant had replied thereto by exceptions and general denial.

The plaintiff, H. C. Brooks, filed his suit for damages for the alleged breach of a contract by the defendant in the sale by it to him of a carload of cottonseed alleged to be of a quality inferior to that contracted for and contemplated by the parties. The plaintiff alleged that, upon receipt of the carload of seed, he promptly paid the draft attached to the bill of lading, and upon receipt of said seed and at the time he offered the same for sale, he found that he was unable to sell them, as they were not desirable planting seed on account of being impregnated with cocklebur seed to an extent that made them wholly unfit for planting seed in Dawson county, Tex.

Plaintiff seeks to hold the venue of the suit in Dawson county, Tex., under exceptions 5 and 23 to the general venue statute, as set out in article 1995, Revised Civil Statutes of Texas. Exception 5 is: "Contracts in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." Exception 23, and the pertinent part thereof, is: "Corporations * * * —Suits against a private corporation * * * may be brought in any county in which the cause of action or a part thereof arose * * *."

The appellant's assignments all resolve themselves into the single contention that the court erred in overruling the defendant's plea of privilege. The propositions are to the same effect, and no separate discussion of the individual propositions will be undertaken.

■ The sufficiency of the plaintiff's petition and controverting affidavit will here be considered, and in the outset we hold that they each sufficiently alleged a written contract between the parties, performable in Dawson county. In any event, the affidavit refers to the petition for particulars, and both, taken together, which properly may be done [Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148, 151; Griffin v. Burrus (Tex. Civ. App.) 292 S. W. 561; Randals v. Green (Tex. Civ. App.) 258 S. W. 528; Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736], sufficiently allege the character of contract mentioned to confer venue under exception 5.

■ Upon an examination of the series of propositions raising the question above stated, we find that the plaintiff's pleadings and testimony disclose that the litigation grows out of a transaction between the parties, in which a carload of cottonseed was consigned by the defendant seed company under a "shipper's order," "notify," bill of lading, which was attached to a draft drawn by the seller upon the purchaser at Lamesa, his place of residence, and the destination of the shipment. Such an undertaking, under all of the authorities, constitutes a written obligation of the seller to deliver the goods contracted to be sold to the purchaser in the county of his residence, and in suits growing out of such transactions and contracts, and involving deficiencies in weights and inferiority in quality and grade of products sold, the venue is properly laid in the county of the purchaser's residence. Marcus et al. v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A. L. R. 672; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.(2d) 963; Malone v. Dawson, 117 Tex. 377, 5 S.W.(2d) 965, 60 A. L. R. 665. For further authorities see: Patterson v. Smith Bros. Grain Co., 113 Tex. 147, 252 S. W. 1058; Gottlieb v.

Dismukes et al. (Tex. Civ. App.) 230 S. W. 792; Dallas Waste Mills v. Early-Foster Co. (Tex. Civ. App.) 218 S. W. 515; Malloy v. Industrial Cotton Oil Properties (Tex. Civ. App.) 238 S. W. 984; Pittman & Harrison Co. v. Sanders (Tex. Civ. App.) 234 S. W. 412; Shannon v. Bridgeport Brick Co. (Tex. Civ. App.) 283 S. W. 182; People's Ice & Mfg. Co. v. Interstate Cotton Oil Refining Co. (Tex. Civ. App.) 182 S. W. 1163.

█ We have indicated above the extent to which the testimony went, and upon which the plaintiff relied to establish the venue claimed in the suit under exception 5. We do not think that "it was incumbent upon appellee [plaintiff Brooks], not only to prove such written ·contracts, but also to prove prima facie a breach thereof," as was held in Browne v. Heid Bros., Inc., 12 S.W.(2d) 587, 589, and relied upon by the appellant for reversal of the judgment of the trial court in the instant case. We are not in accord with the holding in the opinion of Browne v. Heid Bros., Inc., on that point, and the authorities that seem to coincide therewith, and which appear to require that the breach of the written contract, in addition to the contract itself, be proved by the plaintiff.

█ We think the court correctly upheld the further contention of appellee, Brooks, wherein he sought to hold venue of the case in Dawson county by virtue of the provision of exception 23, above quoted. The controverting affidavit and testimony fully establish that the appellant was a private corporation under the laws of Texas, with its domicile in Lamar county, Tex., and since the shipment of the cottonseed was to shipper's order, upon a bill of lading, with draft attached, and the delivery of the seed was made to the purchaser in Dawson county, the, county of his residence, upon his payment of said draft, drawn upon him through a bank in that county, it must be held that the cause of action, if any, arose in part, if not in its entirety, in Dawson county. By reason of the foregoing facts it follows that venue of the suit is properly laid in said' county under exception 23 to the general venue statute. Dallas Waste Mills v. Early-Foster Co., supra; C. P. Ray & Co. v. La Rue & Barron Co.. (Tex. Civ. App.) 237 S. W. 336; Sealy Oil Mill & Mfg. Co. v. Barronian (Tex. Civ. App.) 282 S. W. 315; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 79; Watson v. Landa Cotton Oil Co. (Tex. Civ. App.) 228 S. W. 243; Malloy v. Industrial Cotton Oil Properties, supra; Silvers Box Corporation v. J. E. Stone & Co. (Tex. Civ. App.) 248 S. W. 1104.

For the reasons assigned the judgment of the trial court is affirmed.

### On Rehearing.

Heretofore, on September 18, 1931, this court rendered an opinion affirming the judgment of the trial court in the above styled and numbered cause. Pursuant to that opinion,. this court affirmed the judgment of the trial court. Upon motion for rehearing this court certified to the Supreme Court of this state two questions involving the merits of the lawsuit, and those questions were recently answered on April 24, 1935, in an opinion by the Commission of Appeals, Section B. 81 S.W.(2d) 675.

Upon the authority of that opinion, adopted by the Supreme Court, it is the order of this court that the motion for rehearing now pending in this court be, and the same is hereby, overruled.